RECORD NO. 20-7737

JSM

## In The
# United States Court of Appeals
## For The Fourth Circuit

## UNITED STATES OF AMERICA,

*Plaintiff – Appellee,*

v.

## BRIAN DAVID HILL,

*Defendant – Appellant.*

**ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT WINSTON-SALEM**

---

**INFORMAL OPENING BRIEF OF APPELLANT**

---



**Brian David Hill – Ally of Qanon**
**Founder of USWGO Alternative News**
**310 Forest Street, Apt. 2**
**Martinsville, Virginia 24112**
**(276) 790-3505**



*Pro Se Appellant – JusticeForUSWGO.wordpress.com*
*JusticeForUSWGO.NL/Pardon*

i

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ............................................................ v to xi

I. STATEMENT OF SUBJECT MATTER
AND APPELLATE JURISDICTION ...........................................1

II. STATEMENT OF THE ISSUES ...................................................1

III. STATEMENT OF THE CASE ......................................................6

IV. SUMMARY OF THE ARGUMENT ...........................................10

V. ARGUMENT ...............................................................................14

    A. Standard of Review ...........................................................14

    B. Argument ...........................................................................17

        **i.**

        The district court erred as a matter of law or abused discretion in denying the multiple uncontested motions asking for sanctions and relief from Appellees in regards to the fraudulent begotten judgments when local rule and the inherit powers of all Federal District Courts make it clear that Appellant was entitled to relief requested in each and every uncontested motion for sanctions as a matter of law. .........................................................................17

        **ii.**

        The District Court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellee's fraud upon the court including but not limited to Affidavits or Declarations, Exhibits, and any other tangible evidence when it clearly comports with the Federal Rules of Evidence and was never disregarded as such. ...........23

        **iii.** The district court erred or abused discretion in denying Appellant's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), when there was no evidence that Appellant ever threatened United

States Probation Officer Kristy L. Burton, judgment was based upon unfounded claims and bias or prejudice by the perjury of Kristy L. Burton an officer of the Court...............33, 34

iv.

This Court should extend and/or modify existing law to hold that the district court abused its discretion in deciding that Appellant's only avenue for relief is through 28 U.S. Code § 2255...........................................................................................38

v.

This Court should extend and/or modify existing law to hold that the district court erred or abused discretion by denying all Motions for Sanctions when a criminal case does not bar a District Court from entertaining Motions to challenge fraud, ask to vacate fraudulent begotten judgments, and sanction the culpable officer of the court pursuant to 28 U.S.C. § 1651 and the inherit powers of a Court. This Court should adopt the Sixth Circuit standard for "fraud on the court"..................................44

VI.     CONCLUSION ......................................................................46

VI.     PRIOR APPEALS ................................................................48

VII.     REQUEST FOR ORAL ARGUMENT ........................................50

CERTIFICATE OF COMPLIANCE ....................................................51

CERTIFICATE OF FILING AND SERVICE..........................................52

## <u>TABLE OF AUTHORITIES/CITATIONS</u>

<u>Page(s)</u>

## <u>CASES</u>

*FRITTS v. KRUGH. SUPREME COURT OF MICHIGAN,*
    10/13/58, 92 N.W.2d 604, 354 Mich. 97 ......................................................15

*Kenner v. C.I.R.,*
    387 F.2d 689, 691 (7th Cir. 1968)..........................................................15, 44

*Herring v. United States,*
    424 F.3d 384, 386-87 (3d Cir. 2005) .....................................................15, 44

*United States v. Boch Oldsmobile, Inc.,*
    909 F.2d 657, 661 (1st Cir. 1990) ...............................................................22

*Orner v. Shalala,*
    30 F.3d 1307, 1310 (10th Cir. 1994).............................................................36

*V.T.A., Inc. v. Airco, Inc.,*
    597 F.2d 220, 224 n. 9 and accompanying text (10th Cir. 1979)................36

*Venable v. Haislip,*
    721 F.2d 297, 299-300 (10th Cir. 1983) ......................................................36

*V.T.A., Inc.,*
    523 U.S. 614, 622 (1998) ............................................................................36

*Venable,*
    721 F.2d at 300 ............................................................................................36

*United States v. Williams,*
    790 F.3d 1059, 1071 (10th Cir. 2015) .........................................................36

*Hazel–Atlas,*
    322 U.S. at 246, 64 S.Ct. 997.......................................................................36

*United States v. Estate of Stonehill*,
     660 F.3d 415, 444 (9th Cir.2011)....................................................30

*Chambers*,
     501 U.S. at 44, 111 S.Ct. 2123......................................................37

*United States v. Williams*,
     790 F.3d 1059, 1071 (10th Cir. 2015) ...........................................37

*United States v. McVeigh*,
     9 Fed.Appx. 980, 983 (10th Cir.2001) ..........................................37

*Fierro v. Johnson*,
     197 F.3d 147, 153 (5th Cir.1999)...................................................37

*Rosemound Sand Gravel Co. v. Lambert Sand*,
     469 F.2d 416, 418 (5th Cir. 1972)..................................................40

*McNutt v. General Motors Acceptance Corp.*,
     1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135 ........................40

*Welsh v. American Surety Co.*,
     5 Cir. 1951, 186 F.2d 16; 5 C. Wright A. Miller, supra § 1363 at 653........40

*Rescue Army v. Municipal Court*,
     28 Cal.2d 460, 475 (Cal. 1946) .....................................................40

*Antilla v. Justice's Court*,
     209 Cal. 621 [ 290 P. 43] ..............................................................40

*Merritt v. Hunter*,
     C.A. Kansas 170 F2d 739...............................................................41

*Long v. Shorebank Development Corporation*,
     182 F.3d 548, 561 (7th Cir. 1999)..................................................41

*People ex rel. Brzica v. Village of Lake Barrington*,
     644 N.E.2d 66, 69-70 (Ill.App.Ct. 1994) ......................................41

*Orrway Motor Serv., Inc. v. Illinois Commerce Comm'n*,
     353 N.E.2d 253, 256 (Ill.App.Ct. 1976) .......................................41

*Kavanagh v. Hamilton*,

125 P. 512, 515 (Colo. 1912)) ................................................41

*Rook v. Rook,*
    233 Va. 92, (Va. 1987) ................................................41

*In re the Adoption of E.L,*
    315 Ill. App. 3d 137, 138 (Ill. App. Ct. 2000) ....................43

*Miller v. Balfour,*
    303 Ill. App.3d 209, 215, 707 N.E.2d 759 (1999) ..............43

*In re the Adoption of E.L,*
    315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000) ....................43

*Massie v. Minor,*
    307 Ill. App.3d 115, 119, 716 N.E.2d 857 (1999); M.B., 235 Ill. App.3d at 377-78 ..............................................................43

*Falcon v. Faulkner,*
    209 Ill. App.3d 1, 13, 567 N.E.2d 686 (1991); Noble, 192 Ill. App.3d 501, 509, 548 N.E.2d 518 (1989) ..............................43

M.B., 235 Ill. App.3d at 377-78; Falcon, 209 Ill. App.3d at 13; Noble, 192 Ill. App.3d at 509 ......................................................................43

*Irving v. Rodriquez,*
    27 Ill. App. 2d 75, 79 (Ill. App. Ct. 1960) ........................44

*Ward v. Sampson,*
    395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. .......44

*Escue v. Nichols,*
    335 Ill. App. 244, 81 N.E.2d 652 ....................................44

*Rompza v. Lucas,*
    337 Ill. App. 106, 85 N.E.2d 467 ....................................44

*Demjanjuk v. Petrovsky,*
    10 F.3d 338, 356 (6th Cir. 1993) ................................45, 46

*Thompson v. Bell,*
    373 F.3d 688 (6th Cir. 2004).....................................45, 46

## **CONSTITUTIONAL PROVISIONS**

U.S. CONST. amend. VIII ...................................................................30

U.S. CONST. amend. IV....................................................................30

U.S. CONST. amend. V.....................................................................30

## **STATUTES**

28 U.S.C. § 2255 ....................................................3, 39, 42, 44, 45, 46

28 U.S.C. § 1651 ...................................................1, 10, 40, 44, 45, 46

18 U.S.C. § 242.......................................................................15, 44

18 U.S.C. § 371 .....................................................................15, 44

28 U.S.C. § 1291 ..........................................................................1

28 U.S.C. § 1746.........................................................................24

18 U.S.C. § 1001(a).................................................................18, 37

## **RULE**

Federal Rule of Appellate Procedure 4(b).....................................................1

Federal Rule of Civil Procedure 12(b)(6) ...................................................15

Federal Rules of Crim. Procedure, Rule 37 .................................................17

Local Rule of Civil Procedure, Middle District of North Carolina, Rule 37..........
.......................................................... 17, 19, 20, 21, 22, 26

46 Am. Jur. 2d, Judgments § 25, pp. 388-89 ..............................................23

2 J. WIGMORE, EVIDENCES § 278, at133 (Chadbourn ed. 1979).....................24

## I. **STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION**

Brian David Hill, (the "Appellant") appeals from a final judgment in a case that was opened asking the Court under its own inherit powers and pursuant to the All Writs Act under 28 U.S.C. § 1651 to sanction the party: United States of America through its officer of the Court, Anand Prakash Ramaswamy, for perpetuating multiple frauds upon the court. That such final judgment was filed November 17, 2020, in the United States District Court for the Middle District of North Carolina by United States District Judge Thomas D. Schroder. The Court and its judicial officer will be known as the "District Court". The notice of appeal was filed on November 20, 2020. Appeal is authorized pursuant to 28 U.S.C. § 1291 and Federal Rule of Appellate Procedure 4(b). Appellant requests for relief in this case as there are constitutional issues in the appealed case including a substantial issue for appeal concerning the denial of a constitutional right affecting the entering of fraudulent begotten judgments or a debatable procedural ruling.

## II. **STATEMENT OF THE ISSUES**

Whether the district court erred or abused discretion by denying the Document #199 motion despite existing case law ruling by the Supreme Court that All Federal Courts have the inherit or implied power to sanction an offending party who had defrauded the court and vacate any fraudulent begotten judgment after evidence was filed with the District Court supporting an uncontested conclusion of fraud upon the court.

1

Whether the district court erred or abused discretion by denying the Document #206 motion despite existing case law ruling by the Supreme Court that All Federal Courts have the inherit or implied power to sanction an offending party who had defrauded the court and vacate any fraudulent begotten judgment after evidence was filed with the District Court supporting an uncontested conclusion of fraud upon the court.

Whether the district court erred or abused discretion by denying the Document #217 motion despite existing case law ruling by the Supreme Court that All Federal Courts have the inherit or implied power to sanction an offending party who had defrauded the court and vacate any fraudulent begotten judgment after evidence was filed with the District Court supporting an uncontested conclusion of fraud upon the court.

Whether the district court erred or abused discretion by denying the Document #222 motion despite existing case law ruling by the Supreme Court that All Federal Courts have the inherit or implied power to sanction an offending party who had defrauded the court and vacate any fraudulent begotten judgment after evidence was filed with the District Court supporting an uncontested conclusion of fraud upon the court.

Whether the district court erred or abused discretion by denying the Document #264 motion despite existing case law ruling by the Supreme Court that All Federal Courts have the inherit or implied power to sanction an offending party who had defrauded the court and vacate any fraudulent begotten judgment after evidence was filed with the District Court supporting an uncontested conclusion of

fraud upon the court.

Whether the district court erred or abused discretion in ignoring its own local civil rule pertaining to motions filed during the case under 28 U.S.C. § 2255 being open, under both criminal and civil procedures during the 2255 case process, and that all uncontested motions are normally granted without further notice if the responding party or parties does not respond to a motion by a certain set response date by the Clerk of the Court, when a Clerk is also an authorized officer of the District Court by law. Especially when uncontested and undisputed motions and attached evidence are considered fact as it was not challenged.

Whether the district court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning the officer of the Court for the Appellee party: United States of America's repeated pattern of fraud upon the court and the fact of that party's fraud being used to deceive the Court into filing judgments grounded upon fraud.

Whether the district court erred or abused discretion in dismissing the 2255 case without entering any judicial decision or action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), and Petitioner's third Motion for Sanctions, Motion for

3

Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222).

Whether the law should be extended and/or modified to hold that the district court abused its discretion in denying three motion for sanctions (Dkt. #222, #206, #199) when they were clearly uncontested, would not hold any evidentiary hearings or file any orders addressing Appellant's allegations and claims of frauds upon the court and any jurisdictional challenges which are not normally subject to a statute of limitations.

Whether the law should be extended and/or modified to hold that the district court abused its discretion in denying Appellant's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor under Dkt. #199; Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments under Dkt. #206; Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill under Dkt. #217, and Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor under Dkt. #222 which were all filed in Appellant's pending 2255 case at the time before denying that motion claiming that it is not an appropriate vehicle and that instead Appellant should have filed a successive 2255 motion when that motion was filed in the 2255 case and was uncontested and should have been granted as a matter of law, as local rules have the same force and effect as laws passed by Congress.

4

Whether the district court erred or abused discretion in labeling as "meritless" and "frivolous" all of the evidence, witness affidavits, case law authorities, and non-contesting and undisputed allegations against the counsel of the party and Appellee: United States of America.

## III. <u>STATEMENT OF THE CASE</u>

On or about November 14, 2017, Appellant filed MOTION to Vacate, Set Aside or Correct Sentence (pursuant to 28 U.S.C. 2255) by BRIAN DAVID HILL. (Attachments: # 1 Envelope)(Taylor, Abby) Civil case 1:17-cv-01036-TDS opened. (Entered: 11/14/2017) (Dkt. #125). The 2255 case placed the pending civil case under both the Federal Rules of Criminal Procedure and Federal Rules of Civil Procedure which include the Local Civil Rules and Local Civil Rules of the Middle District of North Carolina.

On or about January 30, 2019, Appellant filed the MOTION for Hearing and for Appointment for Counsel, was uncontested, and filed under Dkt. #169. That put into details the brief description of the allegations of fraud upon the court by Appellant against Appellee. Also Document #170 was filed on March 1, 2019, as evidence with a photocopy of a handwritten letter to Anand Prakash Ramaswamy, attorney for Appellee, addressing the Appellant's allegations of fraud upon the court and stating on record that "*I was set up, that you were given bad evidence (fraud upon the court) from the Town of Mayodan and the State Bureau of Investigation, and that I was mislead and you were mislead.*" That letter exhibit was in support of Dkt. #125 the 2255 motion itself. Both of those documents were not responded to by the set due date and not contested on the record, when "Responses due by 2/20/2019."

On or about October 4, 2019, Appellant filed the MOTION entitled "Motion

for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and Brief/Memorandum of Law in Support of Requesting the Honorable Court in this case Vacate Fraudulent Begotten Judgment or Judgments" under Dkt. #199. Response to Motion due by 10/25/2019 but was uncontested on the record.

On or about October 15, 2019, Appellant filed the Dkt. #206 MOTION entitled "Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments". The Clerk of the Court had set the deadline as "Response to Motion due by 11/5/2019." It was never contested on the record.

On or about October 21, 2019, the U.S. Magistrate Judge has entered the following under Dkt. 210:

> *"ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE signed by MAG/JUDGE JOE L. WEBSTER on 10/21/2019, ORDERED that Petitioner's motion to file additional evidence (Docket Entry 144 ) is granted. RECOMMENDED that the Government's motion to dismiss (Docket Entry 141 ) be granted, that Petitioner's motion to vacate, set aside or correct sentence (Docket Entry 125 ) be dismissed, or in the alternative denied, and that this action be dismissed. IT IS FURTHER RECOMMENDED that Petitioner's motion to file under seal (Docket Entry 140 ), motion for a psychological/psychiatric evaluation (Docket Entry 151 ), motions for the appointment of counsel (Docket Entries 153 and 169 ), motion to continue supervised release (Docket Entry 154 ), motion to dismiss (Docket Entry 165 ), motion for copies (Docket Entry 168 ), and request for transcript (Docket Entry 194 ) all be denied. (Civil Case number: 17CV1036) (Garland, Leah) (Entered: 10/21/2019)"*

On or about October 15, 2019, the Clerk entered a Dkt. #211 "Notice of Mailing Recommendation: Objections to R&R due by 11/4/2019. Objections to R&R for Pro Se due by 11/7/2019."

On or about November 1, 2019, Appellant filed a timely "Objection by BRIAN DAVID HILL re 210 Recommended Ruling - Magistrate Judge re 168 MOTION filed by BRIAN DAVID HILL, 153 MOTION to Appoint Attorney filed by BRIAN DAVID HILL, 141 MOTION to Dismiss Motion to Vacate, Set Aside, or Correct Sen" under Dkt. 213. It was entered on November 4, 2019, even though received by the Clerk on November 1, 2019. Fraud upon the court allegations against Appellant was also in that particular filing as well in Pages 91 through 137 in that same Document under #213 of the record in the District Court. Despite the Clerk giving the Appellee at least two weeks (14 days) to respond to the objections filed by Appellant and they clearly could have asked for an extension of time to go over the voluminous affidavit and evidence in regards to affiant or Declarant Stella Forinash's claims of "fraud upon the court" by officer of the Court for the United States of America which are the Appellee. Despite the Clerk giving them a chance to respond to the allegations of fraud and the objections, they did not dispute a single one of them, they did not contest a single one of them on the record, even when directed to file a response by the Clerk which is an officer of the Court and authorized in their limited capacity to give response date deadlines to filed motions depending on each District Court's set local rules, administrative policies and procedures.

On or about November 8, 2019, Appellant filed the Dkt. #217 MOTION entitled "Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill", filed by BRIAN DAVID HILL re: 199 Motion." Response to Motion due by 12/2/2019, but was uncontested.

8

On or about November 21, 2019, Appellant filed the Dkt. #222 MOTION entitled "Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor". No response due date entered but was never contested in the district court record at all.

On or about November 17, 2020, the district court entered a final order denying motions under Dkt. #199, #206, #217, #222, and #264. The Judgment was filed under Document #268.

On or about November 20, 2020, Appellant filed the Dkt. #270 "NOTICE OF APPEAL without payment of fees by BRIAN DAVID HILL re: 268 Order. (Attachments: # 1 Envelope - Front and Back) (Garland, Leah) (Entered: 11/23/2020)". That very appeal is for the very case which this informal brief is filed in regards to that very final order and judgment.

# IV. <u>SUMMARY OF THE ARGUMENT</u>

The district court erred as a matter of law or abused discretion as a matter of law in denying any or all relief requested in motions #199, #206, #217, and #222 when those motions were not contested by the Officer of the Court for the United States of America giving them free reign to commit any or all frauds upon the court in any future criminal or civil cases that they may be involved in the future. Appellant and Appellee were not given any evidentiary hearing in regards to Appellant's allegations, evidence, arguments, case law authorities, and claims in regards to a repeated pattern of fraud upon the court by an officer of the court. Case law authorities from the U.S. Supreme Court and appellate courts have recognized that fraud upon the court can be sanctioned at any time in any court and is not subject to any statute of limitations. The reason why Courts are given this inherit or implied powers and do not have to act under a statutory framework for relief other than the All Writs Act under 28 U.S.C. § 1651.

In fact the Appellee had attempted to use the All Writs Act under 28 U.S.C. § 1651 as well in Appellant's 2255 case under Document #148 and #149, filed: Mar 23, 2018. That was filed in Appellant's 2255 case and was used in the pending 2255 case. It was later recommended denied by U.S. Magistrate Judge Joe Webster under Document #210, Pg. 25, stating that "Regardless, the undersigned recommends that it be denied". So if the Appellee had attempted to use the Court's inherit powers

against Appellant in pushing for a "pre-filing injunction" than why not Appellant also have that same exact right under the All Writs Act to push for sanctions for fraud upon the Court? It's only fair that if the Government is asking for sanctions against Appellant with a permanent pre-filing injunction, then upon evidence and uncontested allegations of fraud upon the court, that Appellant can also push for an injunction, sanctions, or any other relief against an offending party for defrauding the court. To make note of the Document #148, Appellant did respond to the allegations by the set due date. It said that "Replies due by 4/9/2018". Appellant did respond by that due date time on April 6, 2018, under Document #150. So when allegations were levied against Appellant by the Appellee, Appellant did respond by the deadline without a formal order asking for a response. This that motion was contested by Appellant. Document #150 was the first time that Appellant started bringing allegations of "fraud" in that particular document and brought forth allegation after allegation of Appellee defrauding the court and perpetuating am fraud on the court ever since then. None of those allegations were ever contested on the record in the District Court.

All proof and uncontested claims of fraud upon the court was filed with the District Court prior to dismissal of the 2255 case. The district court had initiated a miscarriage of justice by not letting Appellant do anything in under the Court's inherit or implied powers or even under the All Writs Act to show that Appellee had defrauded the Court on multiple occasions; and attempted to use the pre-filing injunction as a way to permanently shut up Appellant so that he could never prove any fraud and never get any evidentiary hearing, all in an attempt to cover up the

11

evidence, destroy evidence, and cover up the truth. Appellant had demonstrated on the record that counsel was ineffective and allowed the other party to defraud the court anytime they wanted to win their case and win their motions. Prior to Document #150 Appellant did not know the appropriate route to fight the frauds and so that was why he made claims against the Appellee but did not know the exact legal terminology. After Appellant learned of the "fraud on the court" type allegations and the various relief he could obtain under the case law authorities and precedent, Appellant started asking the District Court for relief in regards to the fraud ever since. The district court had failed to recognize or refused to recognize any and all cumulative evidence concerning Appellee's fraud and that there was no responses filed to Document #213 in regards to the fraud, Document #199 in regards to the fraud, Document #206 in regards to the fraud, Document #217 in regards to the fraud, and Document #222 in regards to the fraud.

The district court erred as a matter of law or abused discretion in labeling all of the affidavits, evidence and exhibits, witness testimony, case law, and entire arguments as simply "meritless" and "frivolous". How exactly is any and all relevant evidence and testimony is entirely meritless?

The district court erred as a matter of law or abused discretion in dismissing the 2255 action without addressing the specific frauds upon the court allegations against Appellee in Documents #169, #199, #213, #222, #206, and #217. Appellant was not given any evidentiary hearing in regards to Appellant's evidence and arguments over Appellant's allegations of fraud upon the court by an officer of the court (attorney) of Appellee. The Court simply let that issue sleep for another day.

12

Today is that day. Fraud upon the court also adds weight to Appellant's actual innocence as the frauds were directly in regards to the evidence and facts by Appellee of Appellant's alleged guilt in not just the two supervised release judgments but also in regards to the original evidence that was used to indict and convict Appellant of possession of child pornography.

The district court erred as a matter of law or abused discretion in dismissing the 2255 action while sleeping on the issues of any and all cumulative evidence concerning Appellee's frauds upon the court, refusing to hold any hearings over the issue of Appellee's fraud upon the court, and refusing to ask the Appellee as to give explanation(s) as to Appellant's allegations of frauds upon the court (Dkt. #199, Dkt. #206, Dkt. #213, Dkt. #222, Dkt. #217, Dkt. #169, Dkt. 143, and Dkt. #145).

The district court had let the following motions sit in the District Court for approximately about a year without entering any judicial decision or action on Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), and Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222). Then after Appellant had filed "Motion to Grant Four Pending uncontested Motions" on November 4, 2020 under Document

13

#264, then the District Court had finally stopped sleeping on those motions filed in 2019 and denied them all in its Order on Document #268 on November 17, 2020. That was a long time to finally act upon those pending uncontested motions after about a year with inaction.

## V. **ARGUMENT**

### A.    **Standard of Review**

A district court's decision to deny all of Appellant's motions for sanctions during a pending 2255 case is reviewed for abuse of discretion and errors. The factual uncontested allegations concerning fraud upon the court, claims and factual evidence of actual innocence, and any other issues underlying all motions for sanctions against an officer of the court are reviewed for clear error. *Id.*

When reviewing the order of denying three particular motions for sanctions and its other supporting documents and any other tangible evidence that was imposed by a district court for the 2255 case and its reasonableness, this Court reviews the dismissal for abuse of discretion.

Conversely, this Court reviews questions of law in Section 2255 cases de novo, including the interpretation of the statute governing Section 2255 cases and the Constitution of the United States.

This court reviews as a supervisory authority when a lower court fails to do its duty and fails to do something as a matter of law. When a lower court refuses to take fraud upon the court into consideration during Appellant's 2255 case, and

refuses to investigate the fraud upon the court and how it relates to Appellant's actual innocence, this court has supervisory power to review the lower court's failure or refusal to follow its duties.

"No statute of limitations or repose runs on its holdings, the matters thought to be settled thereby are not res judicata, and years later, when the memories may have grown dim and rights long been regarded as vested, any disgruntled litigant may reopen the old wound and once more probe its depths. And it is then as though trial and adjudication had never been." 10/13/58 *FRITTS v. KRUGH*. SUPREME COURT OF MICHIGAN, 92 N.W.2d 604, 354 Mich. 97.

When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as fraud upon the court) is not subject to a statute of limitation. Kenner v. C.I.R., 387 F.2d 689, 691 (7th Cir. 1968). Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005); see also, generally 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States"); 18 U.S.C. § 1001(a) ("Statements or entries generally"). Appellees have used fraudulent facts of a (1) confession when a confession purported as a fact of guilt is false, and (2) a forensic report with highly questionable information which cannot establish a true fact of guilt. Information in the SBI report had stated that "images of interest" or "videos of interest" were allegedly found in the computer but cannot confirm whether each file was indeed child pornography. The download dates stating that "454 files had been downloaded with the eMule program between July 20, 2012, and July 28, 2013". The computer was reportedly seized on August 28,

2012, from the Government's own purported facts. So for eleven months child pornography allegedly downloaded to Appellant's seized computer when he didn't even have his computer on record. Appellant didn't just show that his guilty plea wasn't valid by demonstrating that the facts of guilt were fraudulent, but that the entire case was prosecuted on fraudulent facts, on contradictory evidence which should not have held up in any impartial trial with effective assistance of counsel. This court has a right to review over the issues of dereliction of duty involving proven frauds upon the court and fraud allegations being uncontested by the Appellee counsel on record.

Officer of the court in general includes any judge, law clerk, court clerk, lawyer, investigator, probation officer, referee, legal guardian, parenting-time expeditor, mediator, evaluator, administrator, special appointee, and/or anyone else whose influence is part of the judicial mechanism.

**B.      Argument**

      **i.**      **The district court erred as a matter of law or abused discretion in denying the multiple uncontested motions asking for sanctions and relief from Appellees in regards to the fraudulent begotten judgments when local rule and the inherit powers of all Federal District Courts make it clear that Appellant was entitled to relief requested in each and every uncontested motion for sanctions as a matter of law.**

      The district court erred as a matter of law or abused discretion in denying the motions for sanctions when they were all contested as a matter of law. The district court acted against its own local rule in its very own District. *See, Federal Rules of Crim. Procedure, Rule 37. Indicative Ruling on a Motion for Relief That Is Barred by a Pending Appeal (Dec. 1, 2012).*

Citing the very paragraphs of that Local Rule for reference:

LR 7.3  MOTION PRACTICE:
MIDDLE DISTRICT OF NORTH CAROLINA

      "(e) Movant's Supporting Documents. When allegations of facts not appearing of record are relied upon to support a motion, affidavits, parts of depositions, and other pertinent documents then available shall accompany the motion or related brief. If supporting documents are not then available, the party may move for an extension of time in accordance with section (g) of this rule."

      "(f) Response to Motion and Brief. The respondent, if opposing a motion, shall file a response, including brief, within 21 days after service of the motion (30 days if the motion is for summary judgment; see LR 56.1(d)) (14 days if the motion relates to discovery; see LR 26.2 and LR 37.1). If supporting documents are not then available, the respondent may move for an extension of time in accordance with section (g) of this rule. For good cause appearing therefor, a respondent may be required to file any

17

response and supporting documents, including brief, within such
shorter period of time as the Court may specify."

"(k) Failure to File and Serve Motion Papers. The failure to file a
brief or response within the time specified in this rule shall
constitute a waiver of the right thereafter to file such brief or
response, except upon a showing of excusable neglect. A motion
unaccompanied by a required brief may, in the discretion of the
Court, be summarily denied. A response unaccompanied by a
required brief may, in the discretion of the Court, be disregarded and
the pending motion may be considered and decided as an
uncontested motion. If a respondent fails to file a response within
the time required by this rule, the motion will be considered and
decided as an uncontested motion, and ordinarily will be granted
without further notice."

The local rule of the Middle District of North Carolina made it quite

clear, that *The failure to file a brief or response within the time specified in this rule*

*shall constitute a waiver of the right thereafter to file such brief or response, except*

*upon a showing of excusable neglect.*" The Appellee had waived their right to

response or file a brief in opposition to those motions for sanctions.

In fact the Clerk of the Court was enforcing this particular rule require

as is her/his duty of his/her respective office as an officer of the court.

For example I will quote from the Docket the particular entry of

Document #199 Motions for Sanctions that was filed by Appellant and entered by

deputy clerk:

"MOTION entitled "Motion for Sanctions and to
Vacate Judgment in Plaintiff's/Respondent's Favor" "Motion and
Brief/Memorandum of Law in Support of Requesting the Honorable
Court in this case Vacate Fraudulent Begotten Judgment or
Judgments" filed by BRIAN DAVID HILL. Response to Motion due
by 10/25/2019. (Attachments: # 1 Supplement 1, # 2 Supplement 2,

18

# 3 Exhibit 1, # 4 Exhibit 2, # 5 Envelope - Front and Back) (Civil
Case number: 17CV1036) (Garland, Leah) (Entered: 10/04/2019)"

If you had noticed when it was filed, it was entered on October 4, 2019.
Now the "Response to Motion due by 10/25/2019" is exactly 21 days after the filing
and service of that motion pleading, which goes accordingly with the "Local Rule
7.3 MOTION PRACTICE" and with its rule passed by that Court's rulemaking
committee for the Middle District of North Carolina.

So the Clerk actually enforced that local rule which was appropriate as an
officer of the Court. The Appellee counsel did not file any response to that particular
motion or any motion for that matter in regards to "Motions for Sanctions" and thus
Appellant was entitled to that form of relief as a matter of law.

Appellant argued that again in Document #264, "Motion to Grant Four
Pending uncontested Motions" in writing that *There is the Local Rule 7.3 of this
Court, since the 2255 case is both under the civil and criminal rules, even the local
rules, and it states that uncontested motions are granted in normal course. See LR
7.3 MOTION PRACTICE (k)*". In that motion as well, the Clerk put the response
deadline again in "21 days" and the exact same time as in that exact Local Rule. It
says from that docket entry "Response to Motion due by 11/25/2020." Unfortunately
the District Court also denied that motion as being "frivolous". See Document #268,
Page 3 of the Order that is under appeal. Stating that it is "frivolous" and/or
"meritless" when these motions were never contested and in almost all cases all the
pending uncontested motions were filed about a year before that order was even

19

entered, so the motions, its exhibits and arguments, its case law, as well as its claims were not contested for pretty much about a year since its original filing, referring to Document #199, #217, #222 and #206.

If the claims were entirely meritless as the District Court had claimed, then why did the Appellee not file a response to any of the Motions for Sanctions when given a 21 day window of opportunity pursuant to Local Rule 7.3?

If the claims of fraud upon the court were entirely meritless and had lack of any evidence and credibility then why didn't the Court sanction Appellant instead if all of the cumulative evidence surrounding Appellee's fraud upon the court was entirely unfounded or "meritless" as argued by the District Court?

Citing Page 1 and 2 of the ORDER:

> Mr. Hill's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Doc. 199) is DENIED as meritless as filed, as is the Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Doc. 217), which is DENIED as meritless as filed to the extent it involves the same issues as, or is filed in support of, the Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor, and is otherwise DENIED without prejudice.

To say that they are all meritless when actual case law authorities that go as high as the United States Supreme Court and as far as Federal Law such as the All Writs Act under 28 U.S.C. § 1651, it is simply an error of law or abuse of discretion. There is no case law precedent stating that District Courts in criminal cases and 2255 civil cases cannot use the All Writs Act under 28 U.S.C. § 1651.

20

There is no case law precedent stating that District Courts in criminal cases and 2255 civil cases cannot use its own inherit or implied powers to sanction against offending behavior such as fraud, contempt, and to correct errors and frauds on its own record to maintain its own integrity, credibility, as well as making sure that all judgments are of sound judgments and subject to lawful jurisprudence under its authorized jurisdiction as a matter of law. The Court did not interpret those motions as 2255 motions because they were filed in an already pending 2255 case at the time and were filed in the 2255 case by the deputy Clerks and each motion was given at least 21 days to file a response. The Appellee waived their right to respond to every one of those motions, and those motions should clearly been granted as a matter of law. Let me explain to this Honorable U.S. Court of Appeals of the Fourth Circuit how that is so.

Again the Local Rule had stated "***If a respondent fails to file a response within the time required*** *by this rule,* ***the motion will be considered and decided as an uncontested motion, and ordinarily will be granted*** *without further notice.*"

It is clearly evidence on the record that all uncontested motions will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice.

The Court erred or abused discretion in deny Motion under Document #199 since it was never contested in the 21-day time period under LR 7.3 of the Middle Dist. Of North Carolina. Relief should have been given as requested in that motion.

The Court erred or abused discretion in deny Motion under Document #206

since it was never contested in the 21-day time period under LR 7.3 of the Middle Dist. Of North Carolina. Relief should have been given as requested in that motion.

The Court erred or abused discretion in deny Motion under Document #217 since it was never contested in the 21-day time period under LR 7.3 of the Middle Dist. Of North Carolina. Relief should have been given as requested in that motion.

The Court erred or abused discretion in deny Motion under Document #222 since it was never contested in the 21-day time period under LR 7.3 of the Middle Dist. Of North Carolina. Relief should have been given as requested in that motion.

All relief should have been granted and given to Appellant as pertinent to the rules of the Court, the Federal Rules of both Civil and Criminal Procedure. Uncontested motions are normally granted as there was no issued or objections raised to such a motion that was well-grounded in law as a matter of law. All fraudulent begotten judgments should be ruled null and void, and vacated since they were uncontested and the Appellee waived right to contest and object to those motions.

A judgment is void, and therefore subject to relief under Rule 60(b)(4), only if the court that rendered judgment lacked jurisdiction or in circumstances in which the court's action amounts to a plain usurpation of power constituting a violation of due process. United States v. Boch Oldsmobile, Inc., 909 F.2d 657, 661 (1st Cir. 1990).

A court may not render a judgment which transcends the limits of its authority, and a judgment is void if it is beyond the powers granted to the court by

22

the law of its organization, even where the court has jurisdiction over the parties and the subject matter. Thus, if a court is authorized by statute to entertain jurisdiction in a particular case only, and undertakes to exercise the jurisdiction conferred in a case to which the statute has no application, the judgment rendered is void. The lack of statutory authority to make particular order or a judgment is akin to lack of subject matter jurisdiction and is subject to collateral attack. 46 Am. Jur. 2d, Judgments § 25, pp. 388-89.

      ii.    **The District Court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellee's fraud upon the court including but not limited to Affidavits or Declarations, Exhibits, and any other tangible evidence when it clearly comports with the Federal Rules of Evidence and was never disregarded as such.**

The district court erred or abused discretion in failing to recognize or refusing to recognize any and all cumulative evidence concerning Appellee's fraud upon the court including but not limited to Affidavits or Declarations, Exhibits, and any other tangible evidence when it clearly comports with the Federal Rules of Evidence and was never disregarded as such. The District Court allowed the entire frauds upon the court slide without holding any evidentiary hearing to find whether the cumulative filed evidence was sufficient to find that Appellee had actually defrauded the court from the very beginning of Appellant's original criminal charge and conviction of possession of child pornography, and such frauds disprove the elements of the factual basis of guilt which part of that would be sufficient to withdraw a falsely entered guilty plea due to the entire prosecution of the case being meritless and with lack of truth

and merit.

It has always been understood—the inference, indeed, is one of the simplest inhuman experience—that a party's falsehood or other fraud in the preparation and presentation of his cause, his fabrication or suppression of evidence by bribery or spoliation, and all similar conduct is receivable against him as an indication of his consciousness that his case is a weak or unfounded one; and from that consciousness may be inferred the fact itself of the cause's lack of truth and merit. The inference thus does not necessarily apply to any specific fact in the cause, but operates, indefinitely though strongly, against the whole mass of alleged facts constituting his cause. See 2 J. WIGMORE, EVIDENCES § 278, at133 (Chadbourn ed. 1979).

See the declaration under Pages 91 and 92 entitled "SUPPLEMENT IN SUPPORT OF "PETITIONER'S OBJECTIONS TO "ORDER AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGMENT" (DKT. #210)", and "Supplement of Fraud upon the court by Witness, Investigator, & Brian's legal assistant: Stella Forinash". The evidence that it is a Declaration filed under penalty of perjury is on Page 137, the last page of the entire document. It said "*I, Stella Burnette Forinash, declare pursuant to Title 28 U.S.C. section 1746 under penalty of perjury under the laws of the United States of America that what I have written here and on the "Supplement of Fraud Upon the Court" (21 pages) is true and correct to the best of my knowledge as Brian & I offer proof document information and location of where this proof is located. I know we are presenting a lot of information and apologize for that. I thank you for your time reading these*

24

documents. *It's my sincere hope that Brian will be free of this miscarriage of justice 20.4.1.3 Section 276 (1) and will be removed from the sex registry as that is supposed to be for guilty people and not the innocent.*"

The fraud in that Declaration has a lot of references to other areas of the record. As it is well detailed, Appellant feels no need to bring up any redundant information, and so this Court can review over that Declaration under penalty of perjury and review the other areas of the record referenced 134 through 137 of Document #213. The Appellee had two weeks to respond to that document according to Document #211.

Citing from the record of Document #211:

> Rule72 (b), Fed. R. Civ. P. provides in pertinent part: (b) Dispositive Motions and Prisoner Petitions.
> Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. **A party may respond to another party's objections within 14 days after being served with a copy**. Unless the district judge orders otherwise, the objecting party must promptly arrange for transcribing the record, or whatever portion of it the parties agree to or the magistrate judge considered sufficient.

Citation in bold, underlined, shows that Appellee could have responded to those fraud upon the court claims made under oath, under penalty of perjury under the laws of the United States of America, but did not even contest those claims, did not respond to those claims at all, not within 14 days or around any time on the record in the District Court.

There was enough cumulative evidence to establish that there was enough to possibly demonstrate any fact whatsoever of fraud upon the court or justifies an evidentiary hearing to sort out all of the cumulative evidence, appoint counsel if necessary to Petitioner to aid in sorting the evidence out, and allow for any further investigation and inquiry to finalize any further facts of fraud upon the court on its record if necessary to justify granting of motions for sanctions when the issues of fraud upon the District Court record is not subject to any statute of limitations. Congress in their right minds would never pass a law placing a statute of limitations on challenging any fraud upon the court and any fraudulent begotten judgments.

The District Court ignores Brian's, his family's proof of a setup, that Brian is innocent of the initial charge of child porn possession. As they have also ignored the uncontested motions that should have been granted in their normal course as a matter of law. The law is the law. If the District Court disagrees with "Local Rule 7.3" "MOTION PRACTICE", then they clearly need to organize their rule making committee of the Middle District of North Carolina to organize to remove that rule so that the District Court would not have to enforce that rule as a matter of law. It is not up to a activist judge to decide what laws and rules to follow and enforce. The District Court must enforce all laws and rules. Any judge that refuses to enforce a law or refuses to recognize a law or Supreme Court ruling is an activist judge and is acting contrary to law, in an unlawful usurpation of power which usurps the authority of the Constitution, of law, of the three branches of Government.

As to the proof documents on Brian's 2255 Motion, you would have to know

the dates of Mayodan police department claims that alleged child porn was downloaded on Brian's laptop computer (July 20, 2012 to July 27. 2012) dates that the North Carolina State Bureau of Investigation (SBI) report claim (July 20, 2012 until July 28, 2013) as well as the date police raid on Brian's house Mayodan police and when they took this computer (August 28, 2012). These dates are the Government's Discovery Proof from Mayodan police & NC SBI report.

Threat emails Brian received in 2013 & 2015: Brian's 2255 Motion, Document 71-1; Document #131, Filed 11/14/17, Page 70-71. Town of Mayodan knew Brian's address before he was set up with child porn. Email Brian sent to town of Mayodan on 3/12/2012. Document #132, Filed 11/14/17, Page 42.

Brian wrote an article on July 12, 2012 on the Internet that he was afraid of the Mayodan police chief and was afraid that they were going to try to arrest him or his mom eight days before the alleged child porn was put on Brian's computer. For proof see Page id. 78-81. Mayodan police report: Discovery used by the government attorneys: id. Page 46 proof that in August, 2012 before the police questioned Brian, they knew he was disabled. Page 47 again from the government's attorneys: id. Page 52 Brian was speaking at Mayodan town hall meetings March, April, May, July 9, 2012. (id. Page 95) Proof in court records in 2014, in Brian's 2255 Motion. Connections between Investigators & Politicians Unethical & Conflict of interest. (id. Document Page 57-68). Proof documents that Brian was writing articles on his USWGO website about these people on July (id. Page 98), Viruses (Document #131, pg. 79-89).

Affidavit from Brian's mom that she was called by someone about her being a third party custodian in December, 2013 maybe letting Brian come home under the Adam Walsh sex act before Brian's case even went to trial. Neither he nor his family would be allowed to have a phone, etc. Document #131, Filed 11/14117, Page 1-2. Brian was not given any insulin his first days in jail, and he is a brittle insulin dependent diabetic. Many Medical documents prove cruel & unusual punishment while Brian was in the jail system in NC: Page 3-18. On many court days Brian was not given insulin until that evening. Doctor's prescription since February, 1992 is 4 or more insulin shots per day. He was taken to Cone Hospital on 11/7/2014 with hyperglycemia (glucose over 500): Page 19-21. Brian was already treated like he was guilty under the Adam Walsh Act before he even went to trial. After falsely pleading guilty, he was treated better and had better Probation conditions than had he been out on bond in 2014. The proposed bond conditions of Appellant not being allowed to use a telephone, even for emergency phone calls and neither to contact his attorney or even the pre-trial services officer was unreasonable bond conditions. He had better conditions under Supervised Release after falsely pleading guilty. None of that was right. He was supposed to have been presumed innocent and all the bond conditions should have assured was that Brian would appear at every court hearing. Had the bond conditions been reasonable, it would have given Appellant a better chance to prepare for the jury trial instead of relying on his unreliable court appointed lawyer Eric David Placke who admitted that he had nothing prepared for the jury trial and insisted that Appellant falsely plead guilty.

28

Brian's family sent emails to his court appointed attorney explaining about Brian's health (autism, etc), witness affidavits, etc. in December, 2013. Found out while sending these to Brian's mom in March, 2017 that Yahoo email had a note that Placke had deleted all attachments. They had sent this proof to the court: (Document #131, Page 25-35).

The court appointed lawyers including Renorda Pryor, John Scott Coalter, and Eric David Placke had all been complicit in the Appellee's frauds upon the court and those attorneys should have no standing in compelling Brian to falsely plead guilty, in fact Appellant never should be held culpable to a perjury charge for even falsely pleading guilty since his court appointed lawyers seemed in on the fraud. They allowed the prosecutor to defraud the court when it was their duty to challenge those frauds as they discover them on the record.

Read Document #134, Filed 11/14/17, Page 76-87. This is his mom (Roberta Hill)'s eye witness account as she is Brian's main caregiver trained in autism, was a nurses aid in NC, was at the Mayodan Police Station when Brian confessed falsely to downloading it and was at the June & September, 2014 court hearings. She also read the discovery materials (police report & NC SBI report).

This was the reason Brian took the guilty plea as recorded in a supplement in his 2255. See Document #134, Page 50. This attorney did use the benefit or a threat of harm the night before on the phone to Brian's family when he told Brian's family to tell Brian to plead guilty: There is a common law rule in the Fifth Amendment of our Constitution; the rationale was the unreliability of the confession's contents when

29

induced by a promise of benefit or a threat of harm. Attorney Placke admitted to the court that he was not prepared for jury trial. Document #18. Filed 06/04/14, Page 1-4. What was further brought out under Affidavit (Declaration) was that Appellant never got to review all of the discovery material. A question regarding that was never asked at the Rule 11 hearing on June 10, 2014. Appellant pled guilty without reviewing over all of the discovery materials and his court appointed lawyer assumed that his confession was a fact of guilt (Dkt. #171). After Appellant cross examined the police report of his confession and other materials he had access to, despite still not having the SBI report from the Government, he was able to prove that he gave false confession statements.

These detectives in Mayodan police report claim they are familiar with the child porn that they claimed was in this laptop computer. The US government revealed in the Presentence Investigation Report in paragraph #13, Document #33, Filed 09/16/2014, page 6 of 26 that none of the children have been identified as part of a known series by the National Center for Missing and exploited Children.

Constitutional laws broken: Amendment VIII; Fifth Amendment of our Constitution; Fourth Amendment, etc.

WITNESS accounts ignored by the district court: Attorney Susan Basko's Declaration Document #46, Filed 09/30/14, Page 1-3. Susan Basko is a lawyer for independent media, Attorney/Counsellor of the Supreme Court of the United States. (Stella Forinash) in Document #134, Filed 11114/17, Pages 34-72; Kenneth R. Forinash, TSgt, USAF, Ret) Id. Pages 73-75; Roberta Hill) Pages 76-87. Court never

30

got a medical expert: (Id. pages 88-99).

A false confession is an admission of guilt for a crime for which the confessor is not responsible or should not be held responsible for. False confessions can be induced through coercion or by the mental disorder or incompetency of the accused. Proof of Brian's actual innocence, set up threats in 2013/2015, ineffective attorneys, and fraud upon the court are in various documents in Brian's 2255 Motion in November & December 2017. For more information see Stella Forinash's investigation & witness proof, Document #213, Filed 11/01/19, Page 91-137.

Is this Court now convinced that there is a major defection, a major fraud upon fraud upon fraud in the Middle District of North Carolina's entire federal case files of the entire criminal and 2255 civil cases?

It does not matter how heinous Appellant's criminal charge was, yeah child porn is morally wrong, child pornography is severely repulsive even by anyone describing what it is, but it is not up to an activist judge to make a decision as to what is the best course of action over a perceived morality. A judge may feel so repulsed over Appellant's child pornography charge that he/she feels the need to make the criminal defendant accept responsibility for the allegation of his/her crime and that the judge would make sure to keep punishing the defendant over and over again, lie about the defendant, ignore all favorable evidence of the defendant, because the judge of the District Court does not want to give any reprieve to a child pornographer, but what if the person was not a child pornographer????

What if somebody is actually innocent and was a victim of a repeated pattern

31

of fraud upon the court with questionable evidence and questionable merits by the federal prosecutor but the judge feels so emotionally repulsed over the child pornography charge and alleged claims of the charge itself that the judge felt the need to be an activist judge and make decisions based on his/her personally perceived morality. It is a perceived morality and not a fact of actual morality when an activist judge decides to deprive a criminal defendant of any and all relief simply because it is a sex offense charge. It is not up to the District Courts to perceive what is moral that law must be ignored, that evidence and witnesses must be ignored for the greater good of society and to protect society from potential sexual predators. It is that kind of attitude where many people accused of rape or child molestation were later found actually innocent by DNA evidence thanks to the lawyers at the Innocence Project and college based Innocence Projects. They were likely all found guilty because all of those judges felt repulsed, angry, and emotional over each defendant's individual sex charges. That probably is why each appeal has been dismissed against Appellant by this particular Court is because of perceived morality that they feel that Appellant deserves being punished and punished repeatedly because he may be a "child pornographer" "my god!". It is not up to this Court or the District Court to always rule against Appellant and always dismiss his appeals over a perceived morality. It is up to U.S. Congress and the state legislatures to pass laws of morality and it is up to each and every respective Courthouse to decide how to interpret such laws and as to what is justified in each criminal case according to the laws of the land and the rulings of our Supreme Court. It is not up to a Court to

decide that they personally feel that Brian David Hill may be immoral so he must be imprisoned over and over again even based upon lies and falsehoods by the prosecution.

So Appellant begs this court to act upon the law and not on personal grudges, personal morality perceptions and disagreements. These are courts of law, not courts of perceived morality. Appellant hopes that the judges in this panel will rule based upon only law and evidence rather than emotions and feelings. Appellant does not need an activist judge to continually throw him in prison over and over again when he may actually be innocent and was a victim of frauds.

Both attorneys had admitted in court that they had ignored all of Brian's witnesses in the hearing dated September 30, 2014 (Dkt. #115) (violates State Bar Rule 3.8, Model Rules of Professional Conduct). Ignoring witnesses seems like fraud.

With all of the evidence cumulatively filed with the District Court, there is more than enough to warrant an evidentiary hearing to sort out the voluminous material, allow either party to ask the Court to pay for private investigators to sort through the hundreds to thousands of pages submitted by Appellant to determine if enough evidence was presented warranting proof of frauds upon the court, and actual innocence justify that a Court needs to correct the many frauds in it's record to prevent one or multiple miscarriage of justices.

iii.    **The district court erred or abused discretion in denying**

33

**Appellant's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), when there was no evidence that Appellant ever threatened United States Probation Officer Kristy L. Burton, judgment was based upon unfounded claims and bias or prejudice by the perjury of Kristy L. Burton an officer of the Court.**

The district court erred or abused discretion in denying Appellant's Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199), when there was no evidence that Appellant ever threatened United States Probation Officer Kristy L. Burton, judgment was based upon unfounded claims and bias or prejudice by the perjury of Kristy L. Burton an officer of the Court. As stated above, this Court should order the District Court to grant the Motion for Sanctions under Document #199 because there clearly is merit to Appellant's claims about Kristy L. Burton lying under oath on June 30, 2015, in the U.S. District Court, Winston-Salem Division, in the Middle District of North Carolina, in front of the same judge back in 2015 that ordered the denial of the Motion for Sanctions in 2020. The District Court had clearly made a factual error based upon a personal prejudice or biased that stemmed from the fraud upon the court under Document #88. Kristy L. Burton took advantage of Appellant's autistic meltdown by his Autism Spectrum Disorder and likely while his diabetic blood sugar was high, and gave the District Court the wrongfully impression that Appellant had some form of intent whatsoever to have made a clear decision to make threatening gestures towards his Probation Officer when nothing in the Transcript Document #123. That order under Document #122 was also

34

erroneous as it had originally ordered that Appellant participate in a "cognitive behavioral treatment program" but instead was placed in a Sex Offender Group counseling which isn't even a "cognitive behavioral treatment program" at all in the least. Then Appellant was almost revoked of his supervised release because he told that Sex Offender Group counseling that he was innocent and was deprived of justice by his court appointed lawyers under Document #124. There is no crime without intent.

For the reasons stated above, the government's burden was to prove every element of the offense, including the mens rea. Even if, arguendo, this Court were to find that the government's burden was only a preponderance of the evidence, the government has still failed to carry its burden. They did not prove at all that Appellant had threatened Kristy L. Burton, there was nothing in the original Supervised Release Violation charge under Document #88 that would indicate that Appellant had ever threatened Kristy L. Burton to justify the fraudulent begotten judgment under Document #122. While Virginia does not appear to have established a clean definition of criminal intent, Black's Law Dictionary defines it as "[a]n intent to commit an actus reus without any justification, excuse, or other defense."

It is clearly fraud upon the court that had influenced the District Court to making the assumption out of nothing that Appellant had threatened Kristy L. Burton when the Attorney Renorda Pryor had said the word "threat" but in regards to "*notice that it also stated that any time that there is an emotionally overwhelming situation or when Mr. Hill has felt --feel any threat -- threatened or anything like*

*that, that he  does tend to have some aggressive behavior and not only him, but others in his type of -- that has the type of autism*" (citation omitted) on Document #123. It merely was argument that when Appellant feels threatened that "*he does tend to have some aggressive behavior*". Nothing about threatening gestures. It is like he heard that word out of her own argument about Appellant's autism and then used it against Appellant and claim that Appellant had threatened Kristy L. Burton but nothing in any physical evidence proves any of that, even under the Mens Rea standard of criminal intent. That judgment on Document #122 is a fraudulent begotten judgment and clearly was not a sound judgment based on the facts and the law.

Investigating fraud upon the court or responding to a jurisdictional challenge shouldn't be just discretionary, it is mandatory. *Orner v. Shalala*, 30 F.3d 1307, 1310 (10th Cir. 1994) ("Unlike its counterparts, Rule 60(b)(4), which provides relief from void judgments, "is not subject to any time limitation." *V.T.A., Inc. v. Airco, Inc.,* 597 F.2d 220, 224 n. 9 and accompanying text (10th Cir. 1979) ("if a judgment is void, it is a nullity from the outset and any 60(b)(4) motion for relief is therefore filed within a reasonable time"); *see also Venable v. Haislip,* 721 F.2d 297, 299-300 (10th Cir. 1983). Furthermore, when Rule 60(b)(4) is applicable, "relief is not a discretionary matter; it is mandatory." *V.T.A., Inc.,* 597 F.2d at 224 n. 8; *see also Venable,* 721 F.2d at 300. "). *United States v. Williams*, 790 F.3d 1059, 1071 (10th Cir. 2015) ("The courts' interest in correcting a fraud on the court stems from "far more than an injury to a single litigant." *Hazel–Atlas,* 322 U.S. at 246, 64 S.Ct. 997.

Instead, our primary objective when correcting a fraud on the court is to redress harm to "the integrity of the judicial process." *United States v. Estate of Stonehill,* 660 F.3d 415, 444 (9th Cir.2011) (internal quotation marks omitted). Although a court may "vacate its own judgment upon proof that a fraud has been perpetrated upon the court," it may also "fashion an appropriate sanction" short of disturbing an otherwise valid judgment. *Chambers,* 501 U.S. at 44, 111 S.Ct. 2123. Such sanctions include assessing attorney fees against the culpable party, *id.* at 46, 111 S.Ct. 2123, or suspension, disbarment, or other reprimand against the attorney who abuses the judicial process, *Eash,* 757 F.2d at 561. Any relief a party may obtain when we correct a fraud on the court is subordinate to our primary interest in restoring the court's integrity."). *United States v. Williams,* 790 F.3d 1059, 1071 (10th Cir. 2015) ("In the years immediately after Congress passed AEDPA, precedent from this court and other circuits acknowledged the possibility that a court might have jurisdiction to consider a second or successive petition, despite § 2255's procedural bar, where the petition alleges fraud on the court. *See, e.g., United States v. McVeigh,* 9 Fed.Appx. 980, 983 (10th Cir.2001) (unpublished) (considering a petitioner's argument that the prosecution committed fraud on the court and assuming "the existence of a fraud on the court exception to the gatekeeping requirements and affirmative limitations in § 2255 applicable to second or successive motions"); *Fierro v. Johnson,* 197 F.3d 147, 153 (5th Cir.1999) (recognizing the potential that the inherent power to correct fraud on the court may give life to a challenge that AEDPA's procedural bars would otherwise forbid.")

37

An abuse of discretion occurs when the district court demonstrates an arbitrary insistence upon expeditiousness to make a judgment in the face of a justifiable request and evidence in favor of investigating the frauds upon the court then considering that the cumulatively and repeated pattern of frauds by Appellee may warrant vacatur of all void judgments..

The power to vacate and investigate frauds upon the court can be brought up in a collateral attack or brought up directly, but is not vested solely in the Anti-Terrorism and Effective Death Penalty Act (AEDPA). Modification of the statute under 28 U.S. Code § 2255 does not preclude fraud upon the court claims and inherit powers of the court. Therefore the fraud upon the court claims in the sanctions motions are not restricted to a one-year statute of limitations that would normally apply under AEDPA. Congress did not intend to pass AEDPA to permanently block and bar a Court from correcting frauds that were perpetuated against its judicial machinery.

### iv.   This Court should extend and/or modify existing law to hold that the district court abused its discretion in deciding that Appellant's only avenue for relief is through 28 U.S. Code § 2255.

This Court should extend and/or modify existing law to hold that the district court abused its discretion when it ruled that Appellant's only avenue for relief is through 28 U.S. Code § 2255.

Citing opinion from Document #168:

> "The proper route for attacking the court's judgment as to Mr. Hill's first supervised release revocation, following an unsuccessful appeal, would have been a motion pursuant to 28

> U.S.C. § 2255. Mr. Hill can obtain proper forms from the Clerk of Court and file such a motion should he choose. However, by stating such, the court does not intimate that any such motion should be successful. The court cautions Mr. Hill that this Order does not affect the timeliness or successiveness of any § 2255 motion, and the parties can litigate those issues as appropriate if Mr. Hill files a § 2255 motion."

There is nothing in the Supreme Court stating that fraud upon the court must be through the § 2255 process. Fraud upon the court is inherit in all Federal Courts and is not limited to Habeas Corpus. Fraud upon the court would also be similar to actual innocence if the fraud was caused by the one who prosecuted the very criminal charge and criminal case prosecution. It is as if the District Court is telling Appellant that he cannot be allowed any remedy at all other than only through a strict statutory process known as 28 U.S. Code § 2255 and thus would be restricted under the statute of limitations, again, since the first Supervised Release Violation was in 2015. None of that makes any sense as a fraudulent begotten judgment should not be restricted to a one year statute of limitations as this creates an allowance for fraud and abuse of the judicial process. A lack of holding somebody culpable for defrauding the Court.

The motions for sanctions were all filed in the § 2255 case itself and yet the District Court treated those motions as if they were filed outside of the § 2255 case. Read the docket entries for Document #199 and it said "(Civil Case number: 17CV1036)" and that was the pending § 2255 case. Each document of each motion under Documents #199, #206, #217, and #217 were during the pendency of the § 2255 case. Regardless, fraud on the court is not subject to any statute of limitations

whatsoever. It is fraud that makes the record of the Court unbelievable, reliable, and non-credible, and meritless. In fact it makes the Court as meritless and non-credible as those who defraud the court on its record.

As stated above, this Court should extend and/or modify existing law to find that Appellant had a constitutional right and legal right under the All Writs Act pursuant to 28 U.S.C. § 1651 to report any discovered frauds that were perpetuated upon the judicial machinery by an officer of the court and be allowed to respectfully ask for vacating such fraudulent begotten judgment after the fraud was discovered and reported to the District Court. That includes the frauds perpetuated by the U.S. Probation Officers (Edward Cameron, Kristy L. Burton, any others involved in defrauding the court) and the U.S. Attorney Office (Anand Prakash Ramaswamy).

*Rosemound Sand Gravel Co. v. Lambert Sand*, 469 F.2d 416, 418 (5th Cir. 1972) ("Generally, a plaintiff's allegations of jurisdiction are sufficient, but when they are questioned, as in this case, the burden is on the plaintiff to prove jurisdiction. McNutt v. General Motors Acceptance Corp., 1936, 298 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135; Welsh v. American Surety Co., 5 Cir. 1951, 186 F.2d 16; 5 C. Wright A. Miller, *supra* § 1363 at 653."). So if the Appellant accuses the Court of not having jurisdiction, the burden shifts to the court to prove jurisdiction.

*Rescue Army v. Municipal Court*, 28 Cal.2d 460, 475 (Cal. 1946) ("the lower court would have no jurisdiction to proceed with a prosecution and a higher court could issue a prerogative writ to stay such prosecution at any point. ( *Antilla* v. *Justice's Court,* 209 Cal. 621 [ 290 P. 43].)"). In other words, A **court has no**

40

**jurisdiction to determine its own jurisdiction**, for a basic issue in any case before a tribunal is its power to act, and a court must have the authority to decide that question in the first instance.

"Where a court failed to observe safeguards, it amounts to **denial of due process of** law, court is deprived of juris." Merritt v. Hunter, C.A. Kansas 170 F2d 739.

*Long v. Shorebank Development Corporation*, 182 F.3d 548, 561 (7th Cir. 1999) ("A void judgment, "that is, one entered by a court which lacks jurisdiction over the parties, the subject matter, or lacks inherent power to enter the particular judgment, or an **order procured by fraud, can be attacked at any time, in any court, either directly or collaterally, provided that the party is properly before the court**." People ex rel. Brzica v. Village of Lake Barrington, 644 N.E.2d 66, 69-70 (Ill.App.Ct. 1994). By contrast, an attempt to set aside a voidable judgment — one procured through fraud after the court has already acquired subject matter jurisdiction — must be direct. See Orrway Motor Serv., Inc. v. Illinois Commerce Comm'n, 353 N.E.2d 253, 256 (Ill.App.Ct. 1976) ("The attack [on a voidable judgment] . . . must be direct, for the purpose of establishing by other evidence the untruthfulness of the record.") (quoting Kavanagh v. Hamilton, 125 P. 512, 515 (Colo. 1912)).").

*Rook v. Rook*, 233 Va. 92, (Va. 1987) ("However, a **void judgment which has been procured by extrinsic or collateral fraud, or which was entered by a court that did not have jurisdiction, may be attacked in any court at any time**,

directly or collaterally, and thus constitutes an exception to Rule 1:1.")

There were fraud upon the court challenges in the 2255 case. Motion for Sanctions and to Vacate Judgment in Plaintiff's/Respondent's Favor (Dkt. #199, Petitioner's Second Motion for Sanctions and to Vacate Judgment that was in Plaintiff's/Respondent's Favor; Motion and Brief/Memorandum of Law in support of Requesting the Honorable Court in this case Vacate Fraudulent begotten Judgment or Judgments (Dkt. #206), Request that the U.S. District Court Vacate Fraudulent Begotten Judgment, Vacate the Frauds upon the Court against Brian David Hill (Dkt. #217), and Petitioner's third Motion for Sanctions, Motion for Default Judgment in 2255 case and to Vacate Judgment that was in Plaintiff/Respondent's favor (Dkt. #222). All of them were a perfectly good reason with evidence to challenge jurisdiction. Fraud upon the court opens up jurisdiction, and not even the Anti-Terrorism and Effective Death Penalty Act as contained in 28 U.S.C. § 2255, paragraph 6, can bar jurisdiction over matters challenging a jurisdiction and over matters of fraud upon the court. Actual innocence is not subject to a statute of limitations and thus opens jurisdiction. Any proven frauds upon the court also gravitates towards actual innocence, as any fraud in regards to the guilt of a criminal defendant is a nullity of fact and does not prove guilt but would prove innocence. No reasonable Trier of fact would convict an innocent man who was able to prove any facts of fraud by the prosecutor at trial.

Appellant is entitled to default judgment for proving a repeated pattern of fraud and showing any facts of fraud, especially when the allegations of showing

42

facts of fraud by Appellee are uncontested. *See In re the Adoption of E.L*, 315 Ill. App. 3d 137, 138 (Ill. App. Ct. 2000) ("E.L. J.L. filed verified petitions seeking to set aside the adoption based on lack of jurisdiction and fraud. After J.L. moved for summary judgment on the petitions, the trial court vacated the final judgment order of adoption and proceeded to hold a custody hearing pursuant to section 20 of the Adoption Act."). *In re the Adoption of E.L*, 315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000) (""A void judgment or order is one that is entered by a court lacking jurisdiction over the parties or the subject matter, or lacking the inherent power to enter the particular order or judgment, or **where the order was procured by fraud**." Miller v. Balfour, 303 Ill. App.3d 209, 215, 707 N.E.2d 759 (1999)."). *In re the Adoption of E.L*, 315 Ill. App. 3d 137, 154 (Ill. App. Ct. 2000) ("**Courts distinguish between fraud which prevents a court from acquiring jurisdiction or merely gives the court colorable jurisdiction, and fraud occurring after the court's valid acquisition of jurisdiction, such as false testimony or concealment**. Massie v. Minor, 307 Ill. App.3d 115, 119, 716 N.E.2d 857 (1999); M.B., 235 Ill. App.3d at 377-78; Falcon v. Faulkner, 209 Ill. App.3d 1, 13, 567 N.E.2d 686 (1991); Noble, 192 Ill. App.3d 501, 509, 548 N.E.2d 518 (1989). Only judgments procured by the former type of fraud are void. M.B., 235 Ill. App.3d at 377-78; Falcon, 209 Ill. App.3d at 13; Noble, 192 Ill. App.3d at 509. This type of fraud is sometimes referred to as "extrinsic fraud," which is defined as fraud that occurs in situations where an unsuccessful party has been prevented from fully exhibiting his case by being kept away from the court or is kept from gaining knowledge of the suit. See

Massie, 307 Ill. App.3d at 119; Falcon, 209 Ill. App.3d at 13. ").

    *Irving v. Rodriquez*, 27 Ill. App. 2d 75, 79 (Ill. App. Ct. 1960) ("Void judgments generally fall into two classifications, that is, judgments where there is want of jurisdiction of the person or subject matter and judgments procured through fraud. Ward v. Sampson, 395 Ill. 353, 70 N.E.2d 324; I.L.P. Judgments, Sections 174 and 175. They may be attacked directly or collaterally. Escue v. Nichols, 335 Ill. App. 244, 81 N.E.2d 652, Rompza v. Lucas, 337 Ill. App. 106, 85 N.E.2d 467.")

    When an officer of the court is found to have fraudulently presented facts to impair the court's impartial performance of its legal task, the act (known as fraud upon the court) is not subject to a statute of limitation. See Kenner v. C.I.R., 387 F.2d 689, 691 (7th Cir. 1968), Herring v. United States, 424 F.3d 384, 386-87 (3d Cir. 2005); see also, generally 18 U.S.C. § 242 ("Deprivation of rights under color of law"); 18 U.S.C. § 371 ("Conspiracy to commit offense or to defraud United States"); 18 U.S.C. § 1001(a) ("Statements or entries generally").

    Therefore the District Court had erred in claiming that Appellant's only avenue for challenging a fraudulent begotten judgment is through 28 U.S.C. § 2255.

    **v.**    **This Court should extend and/or modify existing law to hold that the district court erred or abused discretion by denying all Motions for Sanctions when a criminal case does not bar a District Court from entertaining Motions to challenge fraud, ask to vacate fraudulent begotten judgments, and sanction the culpable officer of the court pursuant to 28 U.S.C. § 1651 and the inherit powers of a Court. This Court should adopt the Sixth Circuit standard for "fraud on the court".**

This Court should extend and/or modify existing law to hold that the district court erred or abused discretion by denying all Motions for Sanctions when a criminal case does not bar a District Court from entertaining Motions to challenge fraud, ask to vacate fraudulent begotten judgments, and sanction the culpable officer of the court pursuant to 28 U.S.C. § 1651 and the inherit powers of a Court. This Court should adopt the Sixth Circuit standard for "fraud on the court".

It is clear that 28 U.S.C. § 2255 is insufficient to provide any relief for fraud upon the court aka fraud on the court however you wish to pronounce it. One of the oldest laws for the Federal Judiciary Act and the U.S. Constitution's creation of the Federal Judiciary branch of Government is the All Writs Act, under the statute of 28 U.S.C. § 1651. Fraud upon the court can be challenged at any time, in any court. And does not have to be through a statute such as 28 U.S.C. § 2255 or any established Federal Rule to challenge fraud.

It is clear that the Sixth Circuit of the U.S. Court of Appeals had established good law in challenging fraud. That case would be: Thompson v. Bell, 373 F.3d 688 (6th Cir. 2004), quoting Demjanjuk v. Petrovsky, 10 F.3d 338, 356 (6th Cir. 1993).

Fraud on the court is defined as embracing "only that species of fraud which does or attempts to subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct." Thompson v. Bell, 373 F.3d 688 (6th Cir. 2004), quoting Demjanjuk v. Petrovsky, 10 F.3d 338,

356 (6th Cir. 1993)(quoting 7 Moore's Federal Practice and Procedure ¶ 60.33). Demjanjuk at 348 defines fraud on the court as (1) conduct by an officer of the court, (2) directed towards the judicial machinery itself, that is (3) intentionally false, wilfully blind to the truth or is in reckless disregard for the truth, is (4) a positive averment or concealment when one is under a duty to disclose, and that (5) deceives the court. Fraud on the court consists of conduct: "1) on the part of an officer of the court; that 2) is directed to the judicial machinery itself; 3) is intentionally  false, willfully blind to the truth, or is in reckless disregard of the truth; 4) is a positive averment or a concealment when one is under a duty to disclose; and 5) deceives the court." Carter [v. Anderson], 585 F.3d [1007] at 1011 (citing Demjanjuk  v. Petrovsky, 10 F.3d 338, 348 (6th Cir. 1993)).

Those decisions are well-grounded and precedent, and a statute of limitations being added to the statute of 28 U.S.C. § 2255 should not preclude challenging a judgment or order upon evidence of fraud by the federal prosecutor. Appellant asks that this Court extend or modify existing case law to adopt the standards of Thompson v. Bell,  and Demjanjuk v. Petrovsky. Appellant asks that the District Court may entertain and consider motions filed under the All Writs Act pursuant to 28 U.S.C. § 1651 or even the District Court's inherit powers to challenge fraud upon its record, vacate any proven fraudulent begotten judgment, and to be allowed to sanction the offending party even in criminal cases.

# VI.  **CONCLUSION**

46

For the reasons stated above, the Appellant urges and prays that this Court to vacate the final judgment/order wrongfully denying motions under Documents #199, #206, #217, #222, and #264. Appellant further urges and prays that this Court compel the District Court to hold evidentiary hearings if necessary in regards to the fraud upon the court claims since the issues of fraud before a Court are not barred by any statute of limitation;

and direct that the District Court grant the Motion for Sanctions (Dkt. #199), Motion for Sanctions (Dkt. #206), Request to Vacate Fraudulent Begotten Judgment and Vacate the Frauds Upon the Court (Dkt. #217) and the Motion for Sanctions and Default Judgment (Dkt. #222, "*Petitioner's third Motion for Sanctions, **_Motion for Default Judgment in 2255 case_** and to Vacate Judgment that was in Plaintiff/Respondent's favor*") in Petitioner's/Appellant's favor for Appellee's proven and repeated pattern of fraud upon the as the other evidence/allegations of fraud upon the court was never contested on the record (Dkt. #199, Dkt. #206, Dkt. #213, Dkt. #222, Dkt. #217, Dkt. #169, Dkt. 143, Dkt. #150, and Dkt. #145).

Appellant also requests that this court order the recusal of the Hon. Thomas D. Schroeder of the U.S. District Court from further participation in presiding over the underlying case pursuant to 28 U.S. Code § 455 and the entire criminal case itself including any further proceedings.

Respectfully Submitted,

**BRIAN DAVID HILL**
**Pro Se**

*Brian D. Hill*
Signed

_____

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*



**VII.**          **PRIOR APPEALS**

Appellant had filed prior appeals in the Fourth Circuit U.S. Court of

Appeals. List includes current appeal case no. 20-6034, the case this brief is filed.

Text copied from Appellant's family and any other assistants.

**Prior Cases:**

| | | |
|---|---|---|
| 19-2077 | **Date Filed:** 10/03/2019 | **Date Disposed:** 10/17/2019 |
| 19-2338 | **Date Filed:** 11/25/2019 | **Date Disposed:** 02/10/2020 |
| 19-4758 | **Date Filed:** 10/15/2019 | **Date Disposed:** 10/16/2020 |
| 19-7483 | **Date Filed:** 10/15/2019 | **Date Disposed:** 03/17/2020 |
| 19-7756 | **Date Filed:** 11/27/2019 | **Date Disposed:** 03/17/2020 |

**Current Cases:**

48

|              | Lead    | Member  | Start      |
|--------------|---------|---------|------------|
| Consolidated |         |         |            |
|              | 19-7755 | 20-6034 | 09/11/2020 |
| Related      |         |         |            |
|              | 19-2077 | 19-4758 | 10/15/2019 |
|              | 19-2077 | 19-7483 | 10/15/2019 |
|              | 19-4758 | 19-2338 | 11/25/2019 |
|              | 19-4758 | 19-7755 | 11/27/2019 |
|              | 19-4758 | 19-7756 | 11/27/2019 |
|              | 19-4758 | 20-1396 | 04/07/2020 |
|              | 19-7755 | 20-7737 | 11/24/2020 |

49

## VIII. <u>REQUEST FOR ORAL ARGUMENT</u>

As this appeal raises important constitutional and statutory interpretation issues in an evolving area of law which could have broad effects on every Federal Court's inherit or implied powers and it's powers under the All Writs Act under 28 U.S.C. § 1651, the Appellant requests oral argument. Appellant also requests that counsel be appointed to represent Appellant for oral argument.

Respectfully Submitted,

**BRIAN DAVID HILL**
**Pro Se**

*Brian D. Hill*
Signed

Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505
*Pro Se Appellant*





## CERTIFICATE OF COMPLIANCE

1.  This brief complies with type-volume limits because, excluding the parts of the document exempted by Fed. R. App. P. 32(f) (cover page, disclosure statement, table of contents, table of citations, statement regarding oral argument, signature block, certificates of counsel, addendum, attachments):

    [ X ] this brief contains [*12,994*] words.

    [    ] this brief uses a monospaced type and contains [*state the number of*] lines of text.

2.  This brief complies with the typeface and type style requirements because:

    [ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2013*] in [*14pt Times New Roman*]; *or*

    [ ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].



Dated:  December 4, 2020                 _____



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

*Pro Se Appellant*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 4th day of December, 2020, I caused this Informal Brief of Appellant to be filed with the Clerk of the Court by mailing the foregoing (Certified Mail tracking no. 7017-2680-0000-5748-4283) with the Clerk of the Court then request that pursuant to 28 U.S.C. §1915(d) that the Clerk of the Court move to electronically file the foregoing using the CM/ECF system, which will send notice of such filing to the following registered CM/ECF users:

Anand P. Ramaswamy
OFFICE OF THE U.S. ATTORNEY
101 South Edgewater Street, 4th Floor
Greensboro, North Carolina  27401
(336) 333-5351
Anand.Ramaswamy@usdoj.gov

*Counsel for Appellee*

Angela Hewlett Miller
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
angela.miller@usdoj.gov

*Counsel for Appellee*

John M. Alsup
U.S. Attorney Office
101 South Edgeworth Street, 4th
Floor, Greensboro, NC 27401
(336) 333-5351
john.alsup@usdoj.gov

*Counsel for Appellee*

*Brian D. Hill*
*signed*



Brian David Hill – Ally of Qanon
Founder of USWGO Alternative
News
310 Forest Street, Apt. 2
Martinsville, Virginia 24112
(276) 790-3505

*Pro Se Appellant*

Qanon help me,
Protect me.
Justice For USWGO.NL/Pardon

UNITED STATES
POSTAL SERVICE ®

PRIORITY®
MAIL



CERTIFIED MAIL

7017 2680 0000 5748 4283

PRIORITY RATE ENVELOPE

DATE ■ ANY WEIGHT

PACKED ■ INSURED

EP14F May 2020
OD: 12 1/2 x 9 1/2

To schedule free Package Pickup,
scan the QR code.



USPS.COM/PICKUP

P 0000010000014








FROM:

U.S.W.G.O.

Brian D. Hill - Ally of QAnon
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
WWG1WGA - Q-Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com

TO:

Clerk of the Court
U.S. Court of Appeals
1100 East Main Street, Suite 501
Richmond, VA 23219.

JusticeForUSWGO.NL/PARDON

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail® and Priority Mail International® shipments.
Misuses may be a violation of federal law. This package is not for resale. EP14F © U.S. Postal Service; May 2020; All rights reserved.