No.21-_____

## In The
## Supreme Court Of The United States

In Re: BRIAN DAVID HILL,
Petitioner,

On Petition for a Writ of Mandamus or Prohibition to
the United States District Court for the Middle
District of North Carolina and the United States
Court of Appeals for the Fourth Circuit

### PETITION FOR A WRIT OF
### MANDAMUS OR PROHIBITION

Brian David Hill
*Pro Se*
Ally of QANON, and General Flynn
*Former USWGO Alternative News Reporter*
310 FOREST STREET, APARTMENT 2
MARTINSVILLE, VIRGINIA 24112
Tel.: (276) 790-3505
E-Mail: <u>No Email</u>



*Friend of justice for all*
Dated: October 12, 2021



JusticeForUSWGO.wordpress.com
JusticeForUSWGO.NL,
USWGO.com

i

## I.    Questions Presented

Where the U.S. District Court for the Middle District of North Carolina had systematically and repeatedly deprived a Petitioner of Due Process of Law under the Constitution, allow the multitudes of Fraud on the Court upon its record and repeatedly refused to correct its record after the proven fraud upon its record proven by the Uncontested Motions of the Petitioner?

Where the U.S. District Court and U.S. Court of Appeals have acted autonomously by ignoring the Supreme Court case law authorities, controlling case law. Not just repeatedly ignoring or disregarding evidence, witnesses, and proper legal rules and procedures to bully an innocent man for years?

Where the U.S. District Court had deprived the Petitioner of rights guaranteed and enumerated by United States Constitution and of the U.S. Supreme Court ("SCOTUS") by bucking this highest Court's authoritative laws of the Court, acting in REBELLION against SCOTUS?

Where the U.S. Court of Appeals had repeatedly over ten times had protected the repeated Constitutional violations of law and Due Process violations by rubber stamping every appeal to be favorable to the offending District Court and always favorable to the prosecuting attorney of the United States of America?

Where the U.S. Court of Appeals knew that the SCOTUS had ruled differently regarding different matters concerning Constitutional rights such as (#1) the right to a Jury Trial for Federal Supervised Release Violation charges carrying imprisonment terms; (#2) such as the right for a criminal defendant and 2255 Petitioner to bring forth the ground of Actual Innocence to overcome a one year statute of limitations time bar; (#3) such as regarding the inherit or implied powers concerning valid uncontested or proven Fraud on the Court claims?

Where both the U.S. Court of Appeals and the U.S. District Court had acted in REBELLION against SCOTUS authoritative case laws not just once but

multiple times and so remedy cannot be obtained in the lower Courts anymore or any further?

Where the "due process of law" clause of the U.S. Constitution, Amendment V, is being deprived and ignored by the U.S. District Court in the Middle district of North Carolina and the supervisory Court known as the U.S. Court of Appeals by denying uncontested Hazel Atlas motions?

Where the errors have piled up throughout the U.S. District Court criminal case, 2255 civil case, and have done nothing to correct the fraud. They have done nothing to correct the errors, and they have done nothing to correct their autonomous decisions contrary to SCOTUS on multiple occasions. Will the Supreme Court grant extraordinary relief to strike down those null and void decisions?

Where relief cannot be obtained by direct appeal, by Habeas Corpus, by the Court's inherit or implied powers? Where no relief can be obtained at all no matter what evidence, witnesses, and expert witnesses is ever offered or submitted?

Where the bias and prejudice are well within the record of the District Court, that the treatment and respect for U.S. Probation Officer Jason McMurray the truthful officer differs from the treatment and respect of U.S. Probation Officer Kristy L. Burton the perjurer?

Where due process had been completely deprived with no fairness, no impartiality under the adversarial system?

Where both Courts are engaging in excess of jurisdiction by depriving Petitioner of due process systematically as it is shown on the record how it is systematically being conducted?

Where both Courts are systematically ignoring evidence and witnesses when favorable to the criminal defendant even when the Federal Criminal Prosecutor's evidence which was reviewed by the Grand Jury actually may also be favorable to the criminal defendant that it also gets ignored and disregarded by both Courts acting in rebellion against common sense and the law?

## II.    Table of Contents

I

I. Questions Presented...............................................ii

II. Table of Contents ...............................................v

III. Table of Authorities...........................................vi

IV. Petition for Writ Of Certiorari...................... 1

V. Opinions Below......................................... 5

VI. Jurisdiction ........................................... 7

VII. Constitutional Provisions Involved ...........8

VIII. Statement of the Case.............................8

1. All unlawful, null and void judgments
acting in excess of jurisdiction............................ 13

2. The Court of Appeals, which is the
supervisory Court refuses to hold the U.S.
District Court accountable under any appeal
and refuses to Order and Remand anything;
even if well-grounded in law and fact.............. 17

IX. REASONS FOR GRANTING THE WRIT .. 24

A. To hold the District Court and Appeals
Court accountable for Not following the
Laws, Not Following SCOTUS authoritative
case laws; acting in repeated excess of
jurisdiction.................................................. 24

B. To keep in uniformity with all Courts, the
Supreme Court needs to make an example
out of the District Court and the Fourth
Circuit Appeals Court to make sure that
they fully comply with the decisions of this
Supreme Court. That they cannot render
decisions contrary to this Supreme Court. ....... 29

C. No other adequate remedy is available....... 33

X. CONCLUSION .......................................... 34

III.　Table of Authorities

Cases

Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309, (1989)..................................................................7

United States v. Haymond, 588 U.S. ___ (2019)................15, 19, 20, 27

Chambers v. Nasco, Inc., 501 U.S. 32 (1991)......................................24

Hazel-Atlas Glass Co. v Hartford-Empire Co., 322 U.S. 238 (1944)..........................................................24

Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc)..................................................22, 35

Bolling v. Sharpe, 347 U.S. 497 (1954)........................................27

Johnson v. Zerbst, 304 U.S. 458 S Ct.1019 (1938).......................................26

Klugh v. U.S., 620 F. Supp., 892 (D.S.C. 1985).......................................26

Marshall v. Jerrico, 100 S. Ct. 1610, 446 U.S. 238 (1980)....................25

Brady v. Maryland, 373 U.S. 83 (1963) ...........................................17, 18

Giglio v. United States, 405 U.S. 150 (1972) ........................................17

Strickland v. Washington, 466 U.S. 668 (1984) .......................................................................17

In re Murchinson, 349 U.S. 133, 136 (1955)........................................................................25

Hanson v Denckla, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228 (1958) ........................................................................25

OLD WAYNE MUT. L. ASSOC. v. McDonough, 204 U. S. 8,27 S. Ct. 236 (1907) ........................................................................26

Giglio v. United States, 405 U.S. 150 (1972)............................................18

Pure Oil Co. v. City of Northlake, 10 Ill. 2D 241, 245, 140 N.E. 2D 289

(1956)..............................................................

...........................26

Bousley    v.    United    States,    523    U.S.    614

(1998)...............................21, 35

Murray    v.    Carrier,    477    U.S.    478

(1986)...............................21, 35

McQuiggin    v.    Perkins,    569    U.S.    383

(2013)...............................21, 35

Schlup    v.    Delo,    513    U.    S.    298

(1995)...............................21

House    v.    Bell,    547    U.    S.    518

(2006)...............................21

Herrera    v.    Collins,    506    U.    S.    390    −405

(1993)...............................21

Hallberg    v.    Goldblatt    Bros.,    363    Ill.    25

(1936)...............................26

## Rules

Local Rule 7.3(k) and (f) of the Middle District of North Carolina...............................................16-17, 20-21, 23

Appellate Rule 10(e)..........................................23

Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5....................................................26

Supreme Court Rule
20……..…………………………………13

## Statutes

28 U. S. C. §1651(a), the All Writs Act……………..……………….7

Section 242 of Title 18 ……………………………….…………….31

## Constitutional Provisions

United States Constitution, Amendment V……..……………. 8

United States Constitution, Amendment I ………..……………. 8

United States Constitution, Article III ……………..……………. 8

Due Process of Law under the Fifth Amendment..……………. 6

### Petition seeking Mandamus and/or Prohibition relief against the following Null and Void Judgment(s)

U.S. District Court for the Middle District of North Carolina; case no. # 1:13-cr-435-, 1:17-cv-01036:

Documents #54; #122, #200, #236

U.S. Court of Appeals for the Fourth Circuit:

Null and void Judgments under case nos. # #19-7756, #15-4057, #17-1866, #18-1160, #19-2077, #19-4758, #19-7483, #19-2338, #19-7755, #20-7737 and #20-6034

## IV. Petition for Writ Of Mandamus or Prohibition

Brian David Hill ("Petitioner"), a criminal defendant and civil case 2255 Petitioner respectfully petitions this court for an Extraordinary Writ of Mandamus or Prohibition to review over all illegal, unlawful, invalid, null and void judgments, mainly of the U.S. District Court. The null and void judgments of both the party #1: U.S. District Court for the Middle District of North Carolina ("District Court") and party #2: the U.S. Court of Appeals for the Fourth Circuit ("Appeals Court"). The main party is the District Court as the Appeals Court is being referenced to show cause proving that all other possible relief was attempted but have failed, that no other adequate relief can be obtained. Not just, review but mandate corrective action(s) against one or both parties in this case and prohibit any illegal/unlawful actions by one or both Courts in which had repeatedly deprived the Petitioner of Due Process of Law for years and years; as well as prohibit any actions by both parties from further violating the Constitutional rights of Petitioner. Petitioner asks this Court to mandate vacatur and nullification of all offending Judgments by one or both Courts, which had deprived Petitioner of Due Process of Law; violated multiple

1

controlling case laws from SCOTUS, which had not been overruled by this very Court; and had violated the U.S. Constitution to such an egregious extent. To the extent, which includes a repeated pattern of frauds, abuses, and miscarriages of justice can no longer be ignored by any credible Constitutional Court of Law with any integrity. Both Courts are acting autonomously outside of law as if SCOTUS does not exist anymore. This Court must act to correct all miscarriages of justice and to correct all autonomous court rulings from the inferior Courts which keep piling up. These autonomous rulings, which keep piling up one on top of the other. All in favor of the corrupt United States Attorney Office for the Middle District of North Carolina ("U.S. Attorney Office") who originally had prosecuted a fraudulent criminal case from the very beginning and destroyed discovery material.

The officers of the District Court at issue in this writ are #1: Hon. William Lindsey Osteen Junior, #2: Hon. Thomas David Schroeder, #3: Hon. Magistrate Joe L. Webster. All are officers working at the District Court.

The officer of the Appeals Court at issue in this writ are #1: Hon Patricia S. Connor, Clerk. This is an officer working at the Appeals Court. In the event that SCOTUS feels and

requests that any other possibly applicable officer be served a copy of this Petition when evaluating over this Petition, this Court can request any additional parties and Petitioner will comply with such an order. If this Court finds it necessary.

The judgments in which this Petitioner seeks relief have all deprived Petitioner of Due Process of Law under the Fifth Amendment of the Constitution and have allowed a repeated pattern of fraud, lies, and abuses by the U.S. Attorney Office without any remedy. All remedies have been exhausted. Please help me SCOTUS. I have no hope left. Petitioner cannot obtain any relief no matter what evidence and witness testimony is brought up, no matter what evidence or witnesses is offered or submitted, and no matter what authoritative case law is brought up in arguments. This Court's laws are ignored.

This is a very complex situation but with the page/word limits, Petitioner asks this Court to allow further filing of arguments/pleadings or requests Oral Argument for clarification when considering this Petition on its merits, to review over its merits. It does have merit. There are many legal and Constitutional issues, which were never resolved in the District Court and Appeals Court when brought to their attention. The inferior Courts are completely broken.

The District Court had filed multiple null and void judgments, which are subject to lack of jurisdiction or excess of jurisdiction; and thus this Court has the Constitutional right and original legal authority. This legal authority of this Court is to undo a repeated pattern of non-jurisdictional orders against Petitioner, which are all supposed to be null and void.

The U.S. Court of Appeals for the Fourth Circuit ("Appeals Court") have created judgments contrary to the evidence on the record, contrary and contradictory to the authoritative case laws by this very Court. Petitioner shows from the judgments and records of all Appeals Court cases Petitioner was involved with that no relief can be obtained by the Appeals Court, and no remedy can be obtained by the Appeals Court. They rubber-stamp every final judgment against Petitioner and always in favor of the U.S. Attorney Office. Thus, Petitioner has no other avenue to obtain any Constitutional/Legal relief or remedy no matter the merits. The District Court admitted in its own opinion that even if Petitioner had any merit at all, it would deny them. Thus, Petitioner is subject to an unlawful and unconstitutional Kangaroo Court, which had deprived Petitioner of all remedies under the Laws of the Land. Even the famous celebrities Bill

Cosby and Michael Jackson were acquitted of their charges because of either being found innocent in the case of Michael Jackson, or prosecutorial misconduct as found in the case of Bill Cosby. If both can be legally acquitted, so must Brian David Hill a victim of a repeated pattern of miscarriages of justice.

The Appeals Court offending case nos. are #1: **20-7737**, #2: **20-1396**, #3: **20-6034**, #4: **19-7756**, #5: **19-7755**, #6: **19-2338**, #7: **19-7483**, #8: **19-4758**, #9: **19-2077**, #10: **18-1160**, #11: **17-1866**, #12: **15-4057**. No matter what arguments were brought up, every Appeal affirms the decision of the District Court no matter what was in the record, no matter the argument, no matter what the law says or what SCOTUS says. It is virtually impossible for a valid Appeals Court of Law to deny every appeal ever consecutively from a single criminal defendant or civil litigator. When many appeals are denied and dismissed with all having an unpublished opinion no matter the argument, it should have drawn the Court into serious question as to whether it had failed to properly administer justice under the Law. **Are they compromised? Were they blackmailed?**

The District Court offending case nos. are 1:13-cr-435-1, and 1:17-cv-1036.

## V.    Opinions Below

There are many judgments and the opinions would exceed the page and word limits set by the Rules of this Court. Read all offending judgments of the District Court and Appeals Court as outlined in the Joint Appendix. They are offending judgments because they were all made in deprivation of Due Process of Law (excess of jurisdiction) and decisions were made in contradiction to the Case Laws set by this authoritative Supreme Court.

However, one opinion made by the officer: Hon. U.S. Magistrate Judge Joe L. Webster of the Middle District of North Carolina. This Magistrate said and I quote:

> "g. The Merits As explained above, all of Petitioner's grounds are time-barred. However, if the Court were to reach the merits of Petitioner's grounds for relief, it would deny them." Citation from Document #210, Page 19, Case no. 1:13-cr-435.

This opinion was affirmed by officer: Hon. Chief Judge Thomas David Schroeder (JA 35-37), and so they were both colluding to deprive Petitioner of Due Process of Law under the Fifth Amendment. See Document #236, #237, Case no. 1:13-cr-435. The point I am making is that the District Court does not care about the merits and would deny any relief even if merits or the law allow such remedy and relief. It is a kangaroo court, and that short sentence of Hon. Mag. Judge Joe Webster's opinion had shown that the District

Court never cared about the merits, never cared about any evidence or witnesses actually filed with the Court. Never cared about appointment of impartial expert witnesses. It was all one sided and always will be one sided (in violation of the adversarial system, impartiality, fairness) unless this Supreme Court takes action and mandates an end to this endless judicial nightmare of miscarriages of justice that keeps going and going like an Energizer Battery.

## VI. Jurisdiction

Mr. Hill's petition for Mandamus and Prohibition is a request for Extraordinary Relief and all other attempts to obtain relief have been exhausted. Mr. Hill invokes this Court's jurisdiction under 28 U. S. C. §1651(a), the All Writs Act. Mandamus is appropriate where petitioner "lack adequate alternative means to obtain the relief they seek", Mallard v. U.S. Dist. Court for S. Dist. of Iowa, 490 U.S. 296, 309, (1989). Petitioner had been shut out of his Petition for a Writ of Habeas Corpus (JA 35-37 and JA 69-74). Petitioner's Hazel Atlas motions were all denied despite being uncontested and undisputed (JA 78-80) and proven the frauds on the Court by an officer of the Court. Therefore, Petitioner had been shut out of all Hazel Atlas remedies under the Court's inherit or implied powers. His appeals have all

7

been closed with the exception of his remaining two Petitions for Writs of Certiorari to be filed in this Court on October 11, 2021, accompanying this Petition. The two to-be-filed Petitions regarding case nos. 19-7755, 20-6034, and 20-7737. Since a large majority of Writs of Certiorari is usually denied without an opinion, and the right to relief is discretionary, Petitioner is only left with Mandamus relief if those two Petitions are denied. If those two remaining Petitions for Writ of Certiorari are denied, then Petitioner has no other adequate remedy left and thus Mandamus is the appropriate relief. Therefore, Petitioner asks that this Mandamus Petition be acted upon last of all three Petitions to be filed with this Court on October 11, 2021. That includes this petition in all three.

## VII.  Constitutional Provisions Involved

United States Constitution, Amendment V:

"No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offense to be put twice in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation."

United States Constitution, Amendment I:

8

"Congress shall make no law respecting an establishment of religion, or prohibiting the free exercise thereof; or abridging the freedom of speech, or of the press; or the right of the people peaceably to assemble, and to petition the Government for a redress of grievances."

United States Constitution, Article III:

"Section 1. The judicial power of the United States, shall be vested in one Supreme Court, and in such inferior courts as the Congress may from time to time ordain and establish..." (citation partially omitted)

"Section 2. The judicial power shall extend to all cases, in law and equity, arising under this Constitution, the laws of the United States, and treaties made, or which shall be made, under their authority;--to all cases affecting ambassadors, other public ministers and consuls;--to all cases of admiralty and maritime jurisdiction;--to controversies to which the United States shall be a party..." (citation partially omitted)

## VIII.  Statement of the Case

We are now faced with a situation of jurisdictional defect upon jurisdictional defect. Where many errors come together throughout the entire case of United States of America v. Brian David Hill (case no. 1:13-cr-435-1); Brian David Hill v. United States of America (case no. 1:17-cv-01036); and Brian David Hill v. Executive Office for United States Attorneys, et al (case no. 4:17-cv-00027, **Western District of Virginia**). **NOTE: The Western District of Virginia case is not being prosecuted in this Mandamus Petition but is only used for reference as it involved the other two cases and the U.S. Attorney Office. The**

9

corruption and criminality of the United States Attorney Office for the Middle District of North Carolina. They had become so corrupted that they would not even contest the Fraud on the Court claims in the District Court. One fraud for example: regarding perjury of their key-witness Kristy L. Burton, and regarding other ethical issues. See Petition for Writ of Certiorari filed with this Court for appealing Appeals Court case no. # 20-7737. They never contested the claims of fraud under Documents #169, #171, #199, #206, #222, and #217. See case nos. 1:13-cr-435-1 and 1:17-cv-01036, Middle Dist. Of North Carolina.

In addition to that, it was admitted by the U.S. Attorney Office in Greensboro, NC, in the Western District of Virginia lawsuit under case no. 4:17-cv-00027 that they had destroyed evidence such as:

(#1) The State Bureau of Investigation forensic case file which had download dates of July 20, 2012, to July 28, 2013, after being seized by police on August 28, 2012;

(#2) The false confession audio file of Brian David Hill on August 29, 2012, and compiled by Mayodan Police Department;

(#3) any other evidence that should have been protected under Giglio v. United States, 405 U.S. 150 (1972) and Brady

v. Maryland, 373 U.S. 83 (1963). See the admissions by the U.S. Attorney Office under oath/affirmation and in their pleadings (case no. 4:17-cv-00027, Western District of Virginia) in Document #48, Document #49 in Hill v. EOUSA, et al. Citation: "ECF NOS. 49-3, 49-6 and 49-7 WERE STRICKEN FROM THE DOCKET PURSUANT TO DOCUMENT 54 Brief / Memorandum in Support re 48 MOTION for Summary Judgment . filed by Executive Office for United States Attorneys, United States Department Of Justice. (Attachments: # 1 Exhibit A - Princina Stone Declaration, # 2 1, # 3 2, # 4 3, # 5 4, # 6 5, # 7 6, # 8 7, # 9 8, # 10 Exhibit B - Carolyn Loye Declaration)(Sloan, Cheryl) Modified on 1/4/2018. Modified docket text to reflect exhibits stricken from the docket. (mlh)". They admitted to evidence being destroyed.

Here are the links to the destroyed evidence pages leaked regarding the destroyed evidence by an anonymous concerned whistleblower:

See  https://wearechange.org/case-brian-d-hill/ - WRC EXCLUSIVE: Alternative Media Writer Brian D. Hill Setup On Child Pornography Possession: | We Are Change (web link citation)
See https://archive.org/details/LeakedSbiDocsProveUswgoFramed WithChildPorn - Leaked SBI Docs prove USWGO framed with child porn : Anonymous : Free Download, Borrow, and Streaming : Internet Archive (web link citation)

In fact, the District Court and Appeals Court have gotten so brazen with their deprivation of Due Process of Law against Petitioner that online YouTube videos have been uploaded by friends or family in regards to Brian Hill being held hostage by the District Court. Thousands have seen the videos according to Petitioner's family giving Petitioner screen captures of the reported view counts. Petitioner's family confirmed that view counts were being manipulated to being lowered than the true view counts. Therefore, the view counts may be higher than what YouTube had reported. I was given the link texts:

See https://www.youtube.com/watch?v=yrLahE_2Zm4 - Proof that Brian D. Hill; USWGO Alt. News, was TORTURED into Falsely Pleading Guilty. (Video stream citation); https://www.youtube.com/watch?v=GkvLiooKltY - Proof that Brian D. Hill; USWGO Alt. News, is INNOCENT, being HELD HOSTAGE by Corrupt Federal Court (Video stream citation) See https://www.youtube.com/watch?v=Nlasri7JRag - The Federal Courts and Fourth Circuit US Court IGNORES THE LAW - Brian D Hill Interview/Statement (Video stream citation)

The fact those videos are coming out showing the lies and frauds by the U.S. Attorney Office, leaked SBI document photo pages, the alleged claim of possible child pornography with the download dates as to being 11 months, 8 days after the computer was seized by the Town of Mayodan Police Department. Its corrupt Mayodan Town lawyer Philip Edward Berger Senior also allowed the corruption in the Town of

Mayodan Police Department by depriving Petitioner of Brady Material for his 2255 Motion. See Document #2-2, pages 18-19, Western Dist. Of Virginia, case no. 4:17-cv-00027-JLK-RSB, Filed 04/25/17. The U.S. Attorney Office destroyed the confession audio. This helped Town of Mayodan and its corrupt lawyer violating Brady v. Maryland named Philip E. Berger Senior so that Brian would be prevented from proving that his confession was a false confession and that the audio was botched up and altered in violation of the Federal Rules of Evidence. It is obvious that when the claimed download dates are between July 20, 2012, and July 28, 2013; the computer was seized on August 28, 2012, that something criminal and sinister was going on here. The U.S. Attorney Office never refuted those download dates in the SBI forensic report by SBI Special Agent Rodney V. White, ever. They never claimed those download dates had never existed in their own evidence used for the Grand Jury indictment of Brian David Hill on November 25, 2013. It is clear that there is fraud, abuse, and corruption by the U.S. Attorney Office, no doubt about that. They are being protected by officer: Hon. Thomas David Schroeder, and officer: Hon. Mag. Judge Joe L. Webster. They all rather push this

13

fraud under the rug. That the fraud continues and deny every motion Petitioner had ever filed requesting any kind of relief.

This case presents very important questions of exceptional circumstances warranting "Extraordinary Relief" as required by Rule 20. "Procedure on a Petition for an Extraordinary Writ."

As to Supreme Court Rule 20: *"the petition must show that the writ will be in aid of the Court's appellate jurisdiction, that exceptional circumstances warrant the exercise of the Court's discretionary powers, and that adequate relief cannot be obtained in any other form or from any other court."* Petitioner had demonstrated that no other adequate relief could be obtained in any other form or from any other court. The only Court that can provide relief for these extraordinary jurisdictional defects is this Supreme Court, as Petitioner cannot obtain any relief in the District Court and in the Appeals Court.

Here are the facts for the Justices to consider:

1. **All unlawful, null and void judgments acting in excess of jurisdiction**

The judgments by the District Court in case no. 1:13-cr-435-1 which are acting in deprivation of Due Process of Law; permitting Frauds on the Court; and acting in excess of jurisdiction from the District Court are as follows. Those

14

judgments are acting autonomously and in repeatedly contradiction to SCOTUS.

Document #54: JUDGMENT as to BRIAN DAVID HILL (1), Count(s) 1, Ten (10) months and twenty (20) days imprisonment, but not less than time served; ten (10) years supervised release; $100.00 special assessment. Filed on November 12, 2014 – Note from Petitioner: This judgment was grounded on fraud by U.S. Attorney Office by the uncontested Motions filed at a later time in the case under Documents numbered: #169, #199, #206, #222, #264 and #217. See JA 5-10.

Document #122: ORDER Supervised Release Violation Hearing signed by JUDGE THOMAS D. SCHROEDER on 7/23/2015. Defendant's supervised release is not revoked and the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program and location monitoring home detention program as set out herein. All other terms and conditions of supervised release as previously imposed remain in full force and effect in case as to BRIAN DAVID HILL (1). (Daniel, J) - Filed on July 24, 2015 – Note from Petitioner: This judgment was grounded on fraud by U.S. Attorney Office by the uncontested Motions filed at a later time in the case under Documents numbered:

15

#169, #199, #206, #222, #264 and #217. Not just fraud but deprivation of Petitioner's constitutional right to a TRIAL BY JURY as set forth in SCOTUS case United States v. Haymond, 588 U.S. ___ (2019). See JA 11-18.

Document #200: JUDGMENT ON REVOCATION OF PROBATION/SUPERVISED RELEASE. The Defendant's supervised release is revoked. Nine (9) months imprisonment. Nine (9) years supervised release is re-imposed under the same terms and conditions as previously imposed. The Defendant shall surrender to the U.S. Marshal for the Middle District of N.C. or to the institution designated by the Bureau of Prisons by 12:00 p.m. on 12/6/2019 as to BRIAN DAVID HILL. Signed by CHIEF JUDGE THOMAS D. SCHROEDER on 10/4/2019. (Daniel, J). Filed on October 4, 2019 – Note from Petitioner: This judgment was grounded on fraud by U.S. Attorney Office by the uncontested Motions filed at a later time in the case under Documents numbered: #169, #199, #206, #222, #264 and #217. Not just fraud but deprivation of Petitioner's constitutional right to a TRIAL BY JURY as set forth in SCOTUS case United States v. Haymond, 588 U.S. ___ (2019). See JA 19-34.

Document #236: ORDER signed by CHIEF JUDGE
THOMAS D. SCHROEDER on 12/31/2019, that the
Government's motion to dismiss (Doc. [141]) be GRANTED,
that Petitioner's motion to vacate, set aside or correct sentence
(Doc. [125]) be DISMISSED, and that this action be
DISMISSED. FURTHER that Petitioner's motion to file under
seal (Doc. [140]), motion for a psychological/psychiatric
evaluation (Doc. [151]), motions for the appointment of counsel
(Docs. [153] and [169]), motion to continue supervised release
(Doc. [154]), motion to dismiss (Doc. [165]), motion for copies
(Doc. [168]), and request for transcript (Doc. [194]) all be
DENIED. A judgment dismissing this action will be entered
contemporaneously with this Order. Finding neither a
substantial issue for appeal concerning the denial of a
constitutional right affecting the conviction nor a debatable
procedural ruling, a certificate of appealability is not issued.
Civil Case 1:17CV1036.(Taylor, Abby). Filed on December 31,
2019. See also the JUDGMENT on Document #237. – Note from
Petitioner: This judgment was grounded on fraud by U.S.
Attorney Office by the uncontested Motions filed at a later time
in the case under Documents numbered: #169, #199, #206,
#222, #264 and #217. That judgment was acting in excess of

17

jurisdiction as the Motions under: #169, #199, #206, #222 were uncontested as a matter of law under Local Rule 7.3(k) and (f) of the Middle District of North Carolina. Uncontested and thus those motions had proven enough fraud that those uncontested motions should have been granted on its face. See JA 35-37.

2. The Court of Appeals, which is the supervisory Court refuses to hold the U.S. District Court accountable under any appeal and refuses to Order and Remand anything; even if well-grounded in law and fact

On April 7, 2015, Appeals Court in case no. 15-4057, affirms in part and dismisses in part Petitioner's appeal due to Ineffective Assistance of Counsel in violation of Due Process of Law under the Fifth Amendment of the U.S. Constitution and Effective Assistance of Counsel under the Sixth Amendment of the U.S. Constitution. See Strickland v. Washington, 466 U.S. 668 (1984). See JA 38-41.

On October 9, 2017, Appeals Court in case no. 17-1866, dismisses the interlocutory appeal. That appeal was to protect Petitioner's right to discovery in his criminal case and to prove that the U.S. Attorney Office was covering up and destroying evidence then refusing to turn over a copy to the criminal defendant. In sheer violation of a criminal defendant's rights under Giglio v. United States, 405 U.S. 150 (1972) and Brady v. Maryland, 373 U.S. 83 (1963). This was done intentionally by the U.S. Attorney

18

Office to cover up any evidence proving the Actual Innocence of Brian David Hill. Again,

    See the evidence documented under https://archive.org/details/LeakedSbiDocsProveUswgoFramed WithChildPorn - Leaked SBI Docs prove USWGO framed with child porn : Anonymous : Free Download, Borrow, and Streaming : Internet Archive (web link citation).

On July 24, 2018, Appeals Court in case no. 18-1160, dismisses the appeal. That appeal was to protect Petitioner's right to discovery in his criminal case and to prove that the U.S. Attorney Office was covering up and destroying evidence then refusing to turn over a copy to the criminal defendant. In sheer violation of a criminal defendant's rights under Giglio v. United States, 405 U.S. 150 (1972) and Brady v. Maryland, 373 U.S. 83 (1963). This was done intentionally by the U.S. Attorney Office to cover up any evidence proving the Actual Innocence of Brian David Hill. Again, See the evidence from the following: https://archive.org/details/LeakedSbiDocsProveUswgoFramed WithChildPorn - Leaked SBI Docs prove USWGO framed with

child porn : Anonymous : Free Download, Borrow, and Streaming : Internet Archive (web link citation). Link text from Brian's family. The Appeals Court knew from the record in the Western District of Virginia FOIA lawsuit civil case that Petitioner was a criminal defendant in the Middle District of North Carolina. They totally violated his rights under Brady v. Maryland and Giglio v. United States. That decision also protected Mayodan Police Department who, through its corrupt Town Attorney Philip Edward Berger Senior, deprived Petitioner of his CONSTITUTIONAL right to obtain a copy of his false confession by the audio recording recorded on August 29, 2012 by Detective Christopher Todd Brim and/or Detective Robert Bridge. See JA 48-53. See Document #2-2, pages 18-19, Western Dist. Of Virginia, case no. 4:17-cv-00027-JLK-RSB, Filed 04/25/17. Any legalize in that letter would be by a lawyer.

On October 17, 2019, Appeals Court in case no. 19-2077, dismisses the appeal. However, the reason for that dismissal was that after Petitioner had served a copy of his Petition for a Writ of Mandamus in the Fourth Circuit upon the District Court, the judge had been moved to put in his final written judgment. That was after stalling/stonewalling for weeks, relief was obtained not in the Appeals

Court but that Petitioner was given relief by that pressure put on the District Court. See JA 54.

On October 16, 2020, Appeals Court in case no. 19-4758, affirms the entire judgment of the District Court in an unpublished opinion. Attorney Edward Ryan Kennedy had pushed for Certiorari relief in case no. 20-6864 before this Court but had failed due to it being denied. However, the Appeals Court had deprived Petitioner of his Constitutional right to TRIAL BY JURY as outlined in SCOTUS case United States v. Haymond, 588 U.S. ___ (2019). The Appeals Court had rebelled against giving Petitioner his Constitutional Due Process right to Trial by Jury. They had rebelled against SCOTUS. See JA 55-61.

On March 17, 2020, Appeals Court in case no. 19-7483, affirms the entire judgment of the District Court in an unpublished opinion. The appeal was over the District Court denying Petitioner's motion for stay of judgment pending appeal. They not only had deprived Petitioner of his Constitutional right to trial by jury but had deprived Petitioner of staying out of Imprisonment at the time in 2019 knowing the Supreme Court had ruled that Supervised Release Violators are guaranteed a right to Trial by Jury. Again, see SCOTUS case United States v. Haymond, 588 U.S. ___ (2019). The Appeals Court and District Court had rebelled against giving Petitioner

21

his Constitutional Due Process right to Trial by Jury. They had rebelled against SCOTUS. See JA 62-64.

On February 10, 2020, Appeals Court in case no. 19-2338, dismisses the Petitions for Writs of Mandamus and Prohibition against the District Court in an unpublished opinion. That Mandamus and Prohibition appeal was over the District Court not acting upon uncontested Hazel Atlas Motions regarding proven Fraud on the Court claims against Officer of the Court: Anand Prakash Ramaswamy, Assistant U.S. Attorney for the Middle District of North Carolina aka the U.S. Attorney Office. At that time when it was denied, Motions under #169, #199, #206, #217, and #222 were all uncontested in accordance with Local Rule 7.3 of the Middle District of North Carolina. Fraud was proven, Mandamus should not have been denied, and Prohibition should not have been denied. Any time periods set by the Local Law of that Court were all passed the deadlines. Therefore, Petitioner had won his cases and won his claims but the Appeals Court and District Court had refused to hand Petitioner over that victory. As a matter of law, Petitioner was entitled to relief. Both Courts are REBELLING against the Law; they are working AGAINST THE LAW. Lower inferior Courts are not supposed to rebel against SCOTUS and they are not supposed to rebel against the law even if they disagree with it. If they feel that a law is

22

unconstitutional or not legally valid, then they should make a legal opinion and ruling deciding such. None of that was done in the decisions against Brian David Hill, the law was ignored by the District Court and Appeals Court; and the law was not followed by the District Court and Appeals Court. See JA 65-68.

On December 18, 2020, Appeals Court in consolidated case nos. 19-7755 & 20-6034, denies the Certificate of Appealability despite raising very important issues of both a Constitutional and Legal nature. The issues of both Actual Innocence and Fraud on the Court, both of them were not subject to being time barred. See SCOTUS cases Bousley v. United States, 523 U.S. 614 (1998); Murray v. Carrier, 477 U.S. 478 (1986); McQuiggin v. Perkins, 569 U.S. 383 (2013); Schlup v. Delo, 513 U. S. 298 (1995); House v. Bell, 547 U. S. 518 (2006); and Herrera v. Collins, 506 U. S. 390 –405 (1993). Not just actual innocence but fraud was proven by the uncontested motions filed by Petitioner. Petitioner had shown and proven the issues of fraud and that the fraud was perpetuated by an officer of the Court who indicted, arrested, and wrongfully convicted Petitioner. That was by Officer of the Court: Anand Prakash Ramaswamy, Assistant U.S. Attorney for the Middle District of North Carolina aka the U.S. Attorney Office. The proof is that the Motions under #169, #199, #206, #217, and #222 were all uncontested in accordance with Local Rule

7.3 of the Middle District of North Carolina. Petitioner had won his cases as a matter of law and won his claims by those being uncontested, but the Appeals Court and District Court had refused to hand Petitioner over that victory. As a matter of law, Petitioner was entitled to relief. Both Courts are REBELLING against the Law, they are working AGAINST THE LAW. Lower inferior Courts are not supposed to rebel against SCOTUS, and they are not supposed to rebel against the law even if they disagree with it. In the decisions made against Brian David Hill, the law was ignored by the District Court and Appeals Court; and the law was not followed by the District Court and Appeals Court. Even created autonomous case law authority Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc); contradicts with SCOTUS. See JA 69-74.

On March 17, 2020, Appeals Court in case no. 19-7756, affirmed the District Court and dismissed the Appeal without any remedy. That is concerning Document #216: "MOTION entitled "Petitioner's and Criminal Defendant's Motion to Correct or Modify the Record Pursuant to Appellate Rule 10(e) (Doc. #[215])"…". That had brought up very concerning information from four Affidavits and brought up suggestion of additional witnesses including Renorda Pryor an officer of the Court, as well as Jason McMurray a Probation Officer that is an officer of the Court. This is regarding information

24

factually omitted from official Court Transcript, which again is covering up evidence or covering up testimony, which may be favorable to the Petitioner. Regardless, purposefully omitting information from an Official Court Transcript of the Record of a Court may be a Federal Crime or malfeasance when the intent is proven. The Appeals Court refused to correct the transcript of the record, and the District Court refused to correct such omissions from the record. That is a serious violation of proper Judicial Procedure. The Appeals Court let them get away with it. See JA 75-77.

Last one that is being cited. On April 27, 2021, Appeals Court in case no. 20-7737, affirmed the District Court and dismissed the Appeal without any remedy. That is appealing the wrongful denial of all uncontested Hazel Atlas Motions. The Appeals Court had refused to provide relief as a matter of law despite Local Rule 7.3 MOTION PRACTICE. That local rule with the 21-day deadlines. That all motions, which are uncontested, would ordinarily be granted without further notice. That also contradicts the SCOTUS case laws of Chambers v. Nasco, Inc., 501 U.S. 32 (1991); and Hazel-Atlas Glass Co. v Hartford-Empire Co., 322 U.S. 238 (1944). See JA 78-80.

*II II II*

## IX.    REASONS FOR GRANTING THE WRIT

A. To hold the District Court and Appeals Court accountable for Not following the Laws, Not Following SCOTUS authoritative case laws; acting in repeated excess of jurisdiction

The District Court is holding Petitioner hostage to fraudulent begotten judgments not caring about whatever witnesses, whatever evidence, and whatever case law Petitioner introduces in the District Court. Petitioner cannot obtain any relief no matter the argument. That itself shows an inherit bias or prejudice on its face. Not one person can be 100% wrong all of the time. When all appeals by one person are denied, dismissed or affirming the original judgment, then something is clearly wrong here with that Court of Appeals. The Appeals Court is depriving Petitioner of due process of law because every single appeal had been denied. Even Appeals backed by Affidavits, witnesses, properly cited authoritative case law. Any well-grounded pleading Petitioner files is usually all systematically denied.

Petitioner is being held hostage by an unreasonable District Court, biased District Court, prejudiced District Court against Petitioner, defrauded District Court, and a District Court acting with repeated excesses to its own jurisdiction.

See   https://www.youtube.com/watch?v=GkvLiooKltY   - Proof that Brian D. Hill; USWGO Alt. News, is INNOCENT,

being HELD HOSTAGE by Corrupt Federal Court (Video stream citation) – Link text, provided by Family

The limitations inherent in the requirements of due process and equal protection of the law extend to judicial as well as political branches of government, so that a judgment may not be rendered in violation of those constitutional limitations and guarantees. Hanson v Denckla, 357 US 235, 2 L Ed 2d 1283, 78 S Ct 1228 (1958). In this case for example, Judge Bjork refused to hear what the Defendant had to say. (**Note: Sounds similar to officer: Judge Thomas David Schroeder of the U.S. District Court**) "Defendants who have been treated with unfairness, bias and the appearance of prejudice by this Court, and the opposing counsel, leaves open the question of how an uninterested, lay person, would question the partiality and neutrality of this Court."…**our system of law has always endeavored to prevent even the probability of unfairness**." In re Murchinson, 349 U.S. 133, 136 (1955). This court had a duty to ensure fairness. This Court failed, or refused to ensure that fairness. Marshall v. Jerrico, 100 S. Ct. 1610, 446 U.S. 238 (1980) "**Judgment is a void judgment if court that rendered judgment lacked jurisdiction** of the subject matter, or of the parties, or **acted in a manner inconsistent with due process**, Fed. Rules Civ. Proc., Rule 60(b)(4), 28

27

U.S.C.A.; U.S.C.A. Const. Amend. 5 - Klugh v. U.S., 620 F. Supp., 892 (D.S.C. 1985).      Where Due Process is denied, the case is void, Johnson v. Zerbst, 304 U.S. 458 S Ct.1019; Pure Oil Co. v. City of Northlake, 10 Ill. 2D 241, 245, 140 N.E. 2D 289 (1956) Hallberg v. Goldblatt Bros., 363 Ill. 25 (1936). "A court cannot confer jurisdiction where none existed and cannot make a void proceeding valid. It is clear and well established law that a void order can be challenged in any court". OLD WAYNE MUT. L. ASSOC. v. McDonough, 204 U. S. 8,27 S. Ct. 236 (1907).

Again, see all of the Supreme Court cases referenced above, See sections "1. All unlawful, null and void judgments acting in excess of jurisdiction" and "2. The Court of Appeals, which is the supervisory Court refuses to hold the U.S. District Court accountable under any appeal and refuses to Order and Remand anything; even if well-grounded in law and fact". Both Courts have acted in rebellion against the authoritative rulings of the Supreme Court without a valid reason as to why. They have done so to deprive Petitioner of due process of law in every way, shape or form. It no longer matters about the one-year statute of limitations under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") or any of it. Petitioner was deprived of evidentiary hearings for his Actual Innocence claim. Petitioner was deprived of evidentiary hearings for his uncontested fraud on the

28

court claims. Petitioner had been deprived of his Constitutional right to a Trial by Jury in both Supervised Release Violation hearings. Whenever Petitioner timely appealed that decision, the Appeals Court refused to apply the Supreme Court's holding under United States v. Haymond, 588 U.S. ___ (2019). Petitioner was again deprived of due process and was being deprived of Trial by Jury.

Petitioner had been deprived of all Constitutional rights by the District Court and Appeals Court. They are likely doing this to other civil litigants and criminal defendants. They should not be getting away with breaking the laws. They should not be ignoring the laws. The officers need to be sanctioned and the only applicable remedy for this Mandamus and Prohibition Petitions is to rule those offending judgments are null and void, that they no longer carry the weight and force of law.

Equal Protection under the Laws must apply to the U.S. District Court and the Fourth Circuit Appeals Court. This Supreme Court held in Bolling v. Sharpe, 347 U.S. 497 (1954), that the Due Process Clause of the Fifth Amendment nonetheless imposes various **equal protection requirements on the federal government via reverse incorporation.** All laws must be enforced and be equally enforced, that is why we even have laws. If an officer fails or refuses to fulfil his duty, then he has

29

become essentially a useless official, wasting the resources, time, and legitimacy of his respective office. Integrity lost.

The inferior Courts have now acted in such a way as to become either Rebellious Courts or Runaway Courts. A "Runaway Court" is a Court, which is running away from complying with the laws of the land. The officials and officers of a Court who ignore the laws, ignore its own rules when its favorable to a stigmatized person such as for example: a criminal defendant, and ignore evidence and everything else for its own benefit to do whatever it well pleases, then it acts in excess of jurisdiction. It is a runaway Court and it is running away from any proven evidence. It runs away from any laws favoring somebody who the Court does not like. A "Rebellious Court" is a Court, which acts in rebellion against a higher Court, refusing to follow newer or even older but valid Supreme Court decisions. Creates autonomous case law directly contradicting the case law of the Supreme Court. Like Whiteside v. US in the Appeals Court for example. It acts in rebellion and refuses to render a lawful decision from a superior Court. Acting in sheer disrespect to the officials and officers of a superior Court. The U.S. District Court is acting in disrespect to the Supreme Court, and so is the Appeals Court. The lower Courts no longer wish to bring any remedy to Brian David Hill and never wanted to bring any remedy. If this is being done to Brian

Hill, a criminal defendant, then it is being done to others in the Fourth Circuit and the District Court. It can be proven if others speak out.

The U.S. Court of Appeals is refusing to actually do their job and reverse an erroneous decision of an inferior Court as a matter of law. The U.S. District Court is refusing to actually do their job and reverse clearly fraudulent begotten judgments and erroneous decisions as a matter of law. When inferior Courts refuse to obey the law repeatedly, they need to be punished and sanctioned. Criminals are punished for breaking the law. Then why not the inferior Courts???

B. **To keep in uniformity with all Courts, the Supreme Court needs to make an example out of the District Court and the Fourth Circuit Appeals Court to make sure that they fully comply with the decisions of this Supreme Court. That they cannot render decisions contrary to this Supreme Court.**

This Court has the ability to use its authority to grant the Petition for Mandamus and Prohibition, then order, Mandate, and order Prohibition to keep the uniformity of the Courts across this country to continue following the authoritative and controlling Supreme Court decisions to prevent the entire legal system from going into disarray. When courts do not have to follow what the Supreme Court says, then it creates rebellious or runaway courts. Judges can just cover their eyes, cover their ears, and cover their

31

mouths. They no longer have to follow any laws. They do not have to follow Due Process of Law. They do not have to look at any evidence, quite the opposite. They can treat evidence as if it does not exist. They can treat credible witnesses as if they do not exist either. Then whenever a party to a case brings up the law, the Judge can simply act as if the law does not exist either. Then the Appeals Court rubber stamps the inferior Court decisions, and no remedy can ever possibly happen, ever. Then the law no longer exists in our Courts. Then they can choose which laws to obey and which ones to ignore. This is very dangerous for any of our courts to be doing this type of behavior in the United States of America. It upsets the chain of command. It becomes a CONFEDERACY, an autonomy zone. Courts can act as "Rebellious Courts" or "Runaway Courts". The law no longer applies to the inferior Courts. If the Justices of this Great Court do not want this precedent being set where rebellious behavior by activist judges gets rewarded while the American people suffers greatly with repeated abuses and miscarriages of justice until death, then they can set an example by making an example out of those rebellious Courts. They are rebel courts and no longer follow the Constitution or its own rules or any laws or rules. They selectively enforce the laws and rules while ignoring the rest. This is

32

unlawful behavior. This is Deprivation of Rights under Color of Law. See https://www.justice.gov/crt/deprivation-rights-under-color-law. Link text provided by family of Petitioner.

The U.S. Department of Justice had held under its position regarding Section 242 of Title 18 of Federal Law. The District Court and Appeals Court are depriving Petitioner of SCOTUS guaranteed rights under the Constitution, and those officers are violating that law and depriving Petitioner of all rights under the color of law.

The Department of Justice ("DOJ") held that "Section 242 of Title 18 makes it a crime for a person acting under color of any law to willfully deprive a person of a right or privilege protected by the Constitution or laws of the United States. For the purpose of Section 242, acts under "color of law" include acts not only done by federal, state, or local officials within their lawful authority, but also acts done beyond the bounds of that official's lawful authority, if the acts are done while the official is purporting to or pretending to act in the performance of his/her official duties. Persons acting under color of law within the meaning of this statute include police officers, prisons guards and other law enforcement officials, as well as judges, care providers in public health facilities, and others who are acting as public officials. It is

33

not necessary that the crime be motivated by animus toward the race, color, religion, sex, handicap, familial status or national origin of the victim." Since the DOJ held what that law had said, it is clear that the District Court and U.S. Attorney Office is acting in rebellion against the laws of the land to deprive their enemy: "the Petitioner" of all Constitutional and Legal reprieves. Petitioner only wants justice and does not want to make enemies with anybody. Petitioner did not start this fight; it was started by the U.S. Attorney Office under Document #1 and prosecuting a fraudulent case against him.

It is time for this great Supreme Court to hold the inferior Courts to the letters of the law. The District Court and Appeals Court had ignored the Supreme Court one too many times. If they do not like the decisions of the Supreme Court, then they can quit their jobs and resign from the Offices of the Courts. They can even request to become a candidate for the President's next appointment of a Supreme Court justice if they so disagree. Then they can add dissenting views and get the well respect that they deserve. It is time for the Supreme Court to make an example out of the Rebel Courts or Runaway Courts. Hold the District Court accountable as well as the Appeals Court. Hold them all accountable for acting in rebellion against the law, against the

rules, and acting against the evidence and witnesses. A Court with such a disregard for due process should be vacated of all of its improper judgments. First of all, starting with the null and void judgments against Petitioner. Any decisions made by the District Court and Appeals Court contrary to controlling case law by this Supreme Court should be vacated as a matter of law. Mandamus is appropriate. Prohibition is appropriate. Relief is necessary.

C. No other adequate remedy is available.

The Appeals Court threw away every Appeal by Petitioner. Petitioner had been deprived two times of trial by jury. Petitioner had been deprived of Due Process of Law. Petitioner had been deprived of his Actual Innocence and evidentiary hearings and discovery. Petitioner has exhausted all remedies. 2255 Motion had been exhausted and dismissed. Hazel Atlas motions which were uncontested were exhausted and dismissed. All appeals in the Appeals Court for the Fourth Circuit were dismissed without any remedy no matter what was argued.

There is no other remedy available except the U.S. Supreme Court. Mandamus is appropriate.

Under the First Amendment of the U.S. Constitution, Petitioner petitions this Court for a redress of the foregoing grievances.

The Probation Office of the Western District of Virginia was so concerned about the officer Hon. Thomas David Schroeder's disregard for the testimony of USPO Jason McMurray on Document #215, case no. 1:13-cr-435-1. They were so concerned about the District Court's bias, prejudice, that USPO Kristy Burton was allowed to commit perjury and Hon Schroeder was happy about Kristy Burton's perjury, yet was not as respectful to USPO McMurray in 2019. Didn't want to accept his testimony the same way as with USPO Burton. They were so concerned that they had petitioned the District Court to move the Supervised Release case to the Western District of Virginia. See Document #260: "USPO PROB 12B - Modification to Conditions as to BRIAN DAVID HILL. (Attachments: # (1) Prob 49) (Grassmann, Shaelynn)". See Documents 261, 262: " Probation Jurisdiction Transferred to Western District of Virginia as to BRIAN DAVID HILL Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (Garland, Leah)", and Document #263: "Notice to Western District of

36

Virginia of a Transfer of Jurisdiction as to BRIAN DAVID
HILL...".

## X.  CONCLUSION

For the foregoing reasons, Mr. Hill respectfully requests
that this Court issue a writ of Mandamus and/or Prohibition
to review over the null and void judgments of the U.S. Court of
Appeals and mainly of the U.S. District Court. Mr. Hill
respectfully requests that the Honorable Justices of
this Court issue a writ of Mandamus and/or Prohibition to
Mandate that the District Court vacate all judgments, which
are considered null and void, and which are in excess of
jurisdiction. Since the District Court had repeatedly acted in
excess of its own jurisdiction by depriving Petitioner of due
process; and allowed uncontested frauds by the U.S. Attorney
Office against Petitioner; Petitioner requests that this Court
enter a Mandate vacating any or all Judgments in the Joint
Appendix of the Orders #54, #122, #200, #236, #237, and #268.
Petitioner requests that the criminal action since Document #1
be dismissed with prejudice.

Petitioner furthermore requests that the District Court
and Appeals Court prove that they had jurisdiction for all of

their orders being challenged by this Petition for Writs of Mandamus and Prohibition.

The Appeals Court offending case nos. are #1: 20-7737, #2: 20-1396, #3: 20-6034, #4: 19-7756, #5: 19-7755, #6: 19-2338, #7: 19-7483, #8: 19-4758, #9: 19-2077, #10: 18-1160, #11: 17-1866, #12: 15-4057. If any of those decisions are contrary to controlling case law set by this Supreme Court, those decisions are clearly erroneous, null and void. Petitioner requests that this Court sanction the Appeals Court for repeatedly rendering judicial decisions contrary to SCOTUS. When SCOTUS clearly made decisions and if they were made aware of those SCOTUS decisions prior to rendering decisions contrary to those SCOTUS decisions, then those cases need to be sanctioned by this Supreme Court. Petitioner asks for sanctions.

Petitioner, last of all, requests nullification or modification of contrary decision: Whiteside v. United States, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) which contradicts with this Court's holdings under Bousley v. United States, 523 U.S. 614 (1998); Murray v. Carrier, 477 U.S. 478 (1986); McQuiggin v. Perkins, 569 U.S. 383 (2013); and any others.

*II*

DATED this 12th day of October, 2021.

Respectfully submitted,

38

Brian D. Hill
Signed

_____Brian D. Hill_____
Brian David Hill
Pro Se
Ally of QANON and General Flynn
Former USWGO Alternative News Reporter
310 FOREST STREET, APARTMENT 2
MARTINSVILLE, VIRGINIA 24112
Tel.: (276) 790-3505
E-Mail: No Email
JusticeForUSWGO.wordpress.com



# JOINT APPENDIX

JA = Joint Appendix in Petition

Joint Appendix for Original Petition
For Writ of Mandamus or Prohibition

Null and Void Judgments, Offending Judgments

**TABLE OF CONTENTS**
**U.S. DISTRICT COURT**
**OFFENDING JUDGMENTS/**
**NULL AND VOID JUDGMENTS**

**Joint Appendix Page**

Null and Void Judgment of
The United States District Court for
The Middle District of North Carolina
    entered November 12, 2014.................................................................... 5

Null and Void Judgment of
The United States District Court for
The Middle District of North Carolina
    entered July 24, 2015....................................................................... 11

Null and Void Judgment of
The United States District Court for
The Middle District of North Carolina
    entered October 7, 2019.................................................................... 19

Opinion of
The United States District Court for
The Middle District of North Carolina
    entered October 7, 2019.................................................................... 35

Null and Void Judgment of
The United States District Court for
The Middle District of North Carolina
    entered October 7, 2019.................................................................... 37

**TABLE OF CONTENTS**
**U.S. COURT OF APPEALS**
**OFFENDING JUDGMENTS/**
**NULL AND VOID JUDGMENTS**

**Joint Appendix Page**

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 15-4057)
    entered April 7, 2015.................................................................... 38

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 15-4057)

entered April 7, 2015......................................................... 41

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 17-1866)
    entered October 19, 2017................................................ 42

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 17-1866)
    entered October 19, 2017................................................ 44

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 18-1160)
    entered July 24, 2018................................................... 48

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 18-1160)
    entered July 24, 2018................................................... 53

Order of
The United States Court of Appeals
For the Fourth Circuit (No. 19-2077)
    entered October 17, 2019................................................ 54

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 19-4758)
    entered November 20, 2019............................................... 55

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 19-4758)
    entered October 16, 2020................................................ 56

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 19-4758)
    entered October 16, 2020................................................ 61

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 19-7483)
    entered March 17, 2020................................................. 62

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 19-7483)

entered March 17, 2020...................................................................... 64

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 19-2338)
    entered February 10, 2020............................................................ 65

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 19-2338)
    entered February 10, 2020............................................................ 68

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit
(No. 19-7755 and No. 20-6034)
    entered December 18, 2020.......................................................... 69

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit
(No. 19-7755 and No. 20-6034)
    entered December 18, 2020.......................................................... 73

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 19-7756)
    entered March 17, 2020.............................................................. 75

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 19-7756)
    entered March 17, 2020.............................................................. 77

Unpublished Opinion of
The United States Court of Appeals
For the Fourth Circuit (No. 20-7737)
    entered April 27, 2021................................................................ 78

Null and Void Judgment of
The United States Court of Appeals
For the Fourth Circuit (No. 20-7737)
    entered April 27, 2021................................................................ 80

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

ENTERED ON DOCKET
R. 55

NOV 1 2 2014

BY _____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

BRIAN DAVID HILL

### JUDGMENT IN A CRIMINAL CASE

Case Number:     1:13CR435-1

USM Number:     29947-057

John Scott Coalter
Defendant's Attorney

FILED
NOV 1 2 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By _____

## THE DEFENDANT:

☒   pleaded guilty to count 1.

☐   pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐   was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | August 29, 2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 10, 2014
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

NOV 1 2 2014
Date

Joint Appendix pg. 6

DEFENDANT:       BRIAN DAVID HILL
CASE NUMBER:    1:13CR435-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ten (10) months and twenty (20) days, but not less than time served.**

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

☐ at _____ am/pm on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 pm on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

_____
                                                                    UNITED STATES MARSHAL

                                            BY _____
                                                                    DEPUTY UNITED STATES MARSHAL

AO 245B (NCMD Rev. 09/11) Sheet 3 - Supervised Release                                                                                     Page 3 of 6

DEFENDANT:        BRIAN DAVID HILL
CASE NUMBER:      1:13CR435-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ten (10) years**.

        The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐   The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒   The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒   The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒   The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

        If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

        The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)   the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)   the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)   the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)   the defendant shall support his or her dependents and meet other family responsibilities;
5)   the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)   the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)   the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)   the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)   the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10)  the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11)  the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12)  the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13)  as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 09/11) Sheet 3c - Supervised Release, Special Conditions                                        Page 4 of 6

DEFENDANT:        BRIAN DAVID HILL
CASE NUMBER:      1:13CR435-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

DEFENDANT:          BRIAN DAVID HILL
CASE NUMBER:        1:13CR435-1

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the  ☐  fine  ☐  restitution.

    ☐  the interest requirement for the  ☐  fine  ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

Case 1:13-cr-00435-WO   Document 54   Filed 11/12/14   Page 5 of 6

Joint Appendix pg. 10

AO 245B (NCMD Rev. 09/11) Sheet 6 - Schedule of Payments

Page 6 of 6

DEFENDANT:            BRIAN DAVID HILL
CASE NUMBER:        1:13CR435-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒  Lump sum payment of $ 100.00 due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment.  The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment.  All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC  27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. **Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.**

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: to the extent any personal items not related to the offense of this investigation, the United States is authorized to return those items to Mr. Hill at the conclusion of any appeals period.

Payments shall be applied in the following order:  (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Joint Appendix pg. 11

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



UNITED STATES OF AMERICA     )
                             )
         v.                  )          1:13CR435-1
                             )
BRIAN DAVID HILL             )

**ORDER**
**Supervised Release Violation Hearing**

On June 30, 2015, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed in the above-entitled case on November 12, 2014, a copy of which is attached hereto and incorporated by reference into this Order.

The Defendant was represented by Renorda Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violations were willful and without lawful excuse.

**IT IS ORDERED** that the Defendant's supervised release shall not be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. § 3553(a).

**IT IS ORDERED** that the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and pay for treatment services, as directed by the probation officer. Such programs may include group sessions led by a qualified counselor

or participation in a program administered by the probation office. The choice of counselor rests in the discretion of probation.

**IT IS ORDERED** that the Defendant shall abide by all conditions and terms of the location monitoring home detention program for a period of six (6) months. At the direction of the probation officer, Defendant shall wear a location monitoring device which may include Global Positioning System (GPS) or other monitoring technology and follow all program procedures specified by the probation officer. Defendant shall pay for the location monitoring services as directed by the probation officer.

**IT IS FURTHER ORDERED** that all other terms and conditions of supervised release as previously imposed remain in full force and effect.

United States District Judge

July 23, 2015.

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

ENTERED ON DOCKET
R. 55

NOV 1 2 2014

BY ____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

BRIAN DAVID HILL

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 1:13CR435-1

USM Number: 29947-057

John Scott Coalter
Defendant's Attorney

FILED
NOV 1 2 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By ____

## THE DEFENDANT:

☒ pleaded guilty to count 1.

☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐ was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | August 29, 2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 10, 2014
Date of Imposition of Judgment

_William L. Osteen, Jr._
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

NOV 1 2 2014
Date

AO 245B (NCMD Rev. 09/11) Sheet 2 - Imprisonment

DEFENDANT:      BRIAN DAVID HILL
CASE NUMBER:    1:13CR435-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **ten (10) months** and **twenty (20) days, but not less than time served.**

☐  The court makes the following recommendations to the Bureau of Prisons:

☒  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district.

   ☐  at _____ am/pm on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 2 pm on _____ .

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

   Defendant delivered on _____ to _____ at

_____ , with a certified copy of this judgment.

                                                    _____
                                                    **UNITED STATES MARSHAL**

                                 BY        _____
                                            **DEPUTY UNITED STATES MARSHAL**

AO 245B (NCMD Rev. 09/11) Sheet 3 - Supervised Release

Page 3 of 6

DEFENDANT: BRIAN DAVID HILL
CASE NUMBER: 1:13CR435-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ten (10) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 09/11) Sheet 3c - Supervised Release, Special Conditions

Page 4 of 6

DEFENDANT:     BRIAN DAVID HILL
CASE NUMBER:   1:13CR435-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer.  Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer.  This includes any Internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer.  This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer.  Any approved contact shall be supervised by an adult at all times.  The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party.  If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties                                                    Page 5 of 6

DEFENDANT:          BRIAN DAVID HILL
CASE NUMBER:        1:13CR435-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $  100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (NCMD Rev. 09/11) Sheet 6 - Schedule of Payments

DEFENDANT:    BRIAN DAVID HILL
CASE NUMBER:  1:13CR435-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒ Lump sum payment of $ 100.00 due immediately, balance due

     ☐ not later than _____ , or

     ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐ Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐ Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States: to the extent any personal items not related to the offense of this investigation, the United States is authorized to return those items to Mr. Hill at the conclusion of any appeals period.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA )
)
v. ) 1:13CR435-1
)
BRIAN DAVID HILL )

## JUDGMENT AND COMMITMENT
### Supervised Release Violation Hearing

On September 12, 2019, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Order filed July 24, 2015 and the Judgment filed November 12, 2014 in the above-entitled case, copies of which are attached hereto and incorporated by reference into this Judgment and Commitment.

The Defendant was represented by Renorda E. Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violation(s) as follow were willful and without lawful excuse.

Violation 1. On September 21, 2018, the Defendant was arrested for the commission of a crime.

**IT IS ORDERED** that the Defendant's supervised release be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. §§ 3553(a) and 3583(e).

**IT IS ORDERED** that the Defendant be committed to the custody

of the Bureau of Prisons for imprisonment for a period of nine (9) months.

IT IS FURTHER ORDERED that supervised release of nine (9) years is re-imposed under the same terms and conditions as previously imposed.

The Defendant shall surrender to the United States Marshal for the Middle District of North Carolina or to the institution designated by the Bureau of Prisons by 12:00 p.m. on December 6, 2019.

United States District Judge

October 4, 2019.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

UNITED STATES OF AMERICA          )
                                  )
        v.                        )          1:13CR435-1
                                  )
BRIAN DAVID HILL                  )



### ORDER
### Supervised Release Violation Hearing

On June 30, 2015, a hearing was held on a charge that the Defendant had violated the terms and conditions of supervised release as set forth in the Court's Judgment filed in the above-entitled case on November 12, 2014, a copy of which is attached hereto and incorporated by reference into this Order.

The Defendant was represented by Renorda Pryor, Attorney.

The Defendant was found to have violated the terms and conditions of his supervised release. The violations were willful and without lawful excuse.

**IT IS ORDERED** that the Defendant's supervised release shall not be revoked. The Court has considered the U.S. Sentencing Guidelines and the policy statements, which are advisory, and the Court has considered the applicable factors of 18 U.S.C. § 3553(a).

**IT IS ORDERED** that the Defendant is to remain on supervised release. The Defendant shall participate in a cognitive behavioral treatment program as directed by the probation officer, and pay for treatment services, as directed by the probation officer. Such programs may include group sessions led by a qualified counselor

or participation in a program administered by the probation office.
The choice of counselor rests in the discretion of probation.

IT IS ORDERED that the Defendant shall abide by all conditions
and terms of the location monitoring home detention program for a
period of six (6) months.  At the direction of the probation
officer, Defendant shall wear a location monitoring device which
may include Global Positioning System (GPS) or other monitoring
technology and follow all program procedures specified by the
probation officer. Defendant shall pay for the location monitoring
services as directed by the probation officer.

IT IS FURTHER ORDERED that all other terms and conditions of
supervised release as previously imposed remain in full force and
effect.

Thomas J. Schroeder
United States District Judge

July 23, 2015.

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

ENTERED ON DOCKET
R. 55

NOV 12 2014

BY _____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

BRIAN DAVID HILL

### JUDGMENT IN A CRIMINAL CASE

Case Number:    1:13CR435-1

USM Number:    29947-057

John Scott Coalter
Defendant's Attorney

FILED
NOV 1 2 2014
IN THIS OFFICE
Clerk U.S. District Court
Greensboro, NC
By _____

## THE DEFENDANT:

☒  pleaded guilty to count 1.

☐  pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐  was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | August 29, 2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 10, 2014
Date of Imposition of Judgment

_William L. Osteen, Jr._
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

NOV 1 2 2014
Date

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 1 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 8 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 5 of 16

AO 245B (NCMD Rev. 09/11) Sheet 2 - Imprisonment

Page 2 of 6

DEFENDANT:      BRIAN DAVID HILL
CASE NUMBER:    1:13CR435-1

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ten (10) months and twenty (20) days, but not less than time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

    ☐ at _____ am/pm on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 pm on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at
_____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

                    BY _____
DEPUTY UNITED STATES MARSHAL

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 2 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 4 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 6 of 16

AO 245B (NCMD Rev. 03/11) Sheet 3 - Supervised Release      Page 3 of 6

DEFENDANT:      BRIAN DAVID HILL
CASE NUMBER:    1:13CR435-1

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of ten (10) years.

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 3 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 5 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 7 of 16

AO 245B (NCMD Rev. 02/11) Sheet 3a - Supervised Release, Special Conditions
Page 4 of 6

DEFENDANT:       BRIAN DAVID HILL
CASE NUMBER:     1:13CR435-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 4 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 6 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 8 of 16

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties                                                          Page 5 of 6

DEFENDANT:            BRIAN DAVID HILL
CASE NUMBER:          1:13CR435-1

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | Assessment | Fine | Restitution |
|---|---|---|---|
| TOTALS | $ 100.00 | $ | $ |

☐  The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered
after such determination.

☐  The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in
the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before
the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| TOTALS | $ | $ | |

☐  Restitution amount ordered pursuant to plea agreement $ _____

☐  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the
fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject
to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐  the interest requirement is waived for the    ☐  fine  ☐  restitution.

    ☐  the interest requirement for the    ☐  fine  ☐  restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on
or after September 13, 1994, but before April 23, 1996.

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 5 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 7 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 9 of 16

AO 245B (NCMD Rev. 09/11) Sheet 6 - Schedule of Payments                                   Page 6 of 6

DEFENDANT:         BRIAN DAVID HILL
CASE NUMBER:       1:13CR435-1

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒   Lump sum payment of $ 100.00 due immediately, balance due

    ☐  not later than _____ , or

    ☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B  ☐   Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C  ☐   Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D  ☐   Payment in equal _____ (e.g. weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g.,
    months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E  ☐   Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from
    imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐   Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during
imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial
Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West
Market Street, Greensboro, NC 27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney.
Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐   Joint and Several

    Defendant and Co-Defendant Names, Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and
    corresponding payee, if appropriate.

☐   The defendant shall pay the cost of prosecution.

☐   The defendant shall pay the following court cost(s):

☒   The defendant shall forfeit the defendant's interest in the following property to the United States: to the extent any personal items not
related to the offense of this investigation, the United States is authorized to return those items to Mr. Hill at the conclusion of any appeals
period.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest; (4) fine principal; (5) fine interest,
(6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

Case 1:13-cr-00435-TDS   Document 54   Filed 11/12/14   Page 6 of 6
Case 1:13-cr-00435-TDS   Document 122   Filed 07/24/15   Page 8 of 8
Case 1:13-cr-00435-TDS   Document 200   Filed 10/07/19   Page 10 of 16

AO 245B (NCMD Rev. 09/11) Sheet 1 - Judgment in a Criminal Case

ENTERED ON DOCKET
R. 55

NOV 12 2014

BY _____

# United States District Court
## Middle District of North Carolina

UNITED STATES OF AMERICA

v.

BRIAN DAVID HILL

### JUDGMENT IN A CRIMINAL CASE

Case Number:      1:13CR435-1

USM Number:      29947-057

John Scott Coalter
Defendant's Attorney

**FILED**
NOV 1 2 2014
Clerk U.S. District Court
Greensboro, NC
By _____

## THE DEFENDANT:

☒  pleaded guilty to count 1.

☐  pleaded nolo contendere to count(s) _____ which was accepted by the court.

☐  was found guilty on count(s) _____ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18:2252A(a)(5)(B) and (b)(2) | Possession of Child Pornography | August 29, 2012 | 1 |

The defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐  The defendant has been found not guilty on count(s)

☐  Count(s) _____ (is)(are) dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

November 10, 2014
Date of Imposition of Judgment

*William L. Osteen, Jr.*
Signature of Judge

William L. Osteen, Jr., Chief United States District Judge
Name & Title of Judge

NOV 1 2 2014
Date

AO 245B (NCMD Rev. 09/11) Sheet 2 - Imprisonment

DEFENDANT:　　　BRIAN DAVID HILL
CASE NUMBER:　　1:13CR435-1

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of ten (10) months and twenty (20) days, but not less than time served.

☐ The court makes the following recommendations to the Bureau of Prisons:

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district.

　　☐ at _____ am/pm on _____ .

　　☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

　　☐ before 2 pm on _____ .

　　☐ as notified by the United States Marshal.

　　☐ as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____ at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

BY _____
DEPUTY UNITED STATES MARSHAL

AO 245B (NCMD Rev. 09/11) Sheet 3 - Supervised Release                                          Page 3 of 6

DEFENDANT:          BRIAN DAVID HILL
CASE NUMBER:        1:13CR435-1

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **ten (10) years.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒  The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒  The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☒  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or a restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1)  the defendant shall not leave the judicial district without the permission of the court or probation officer;
2)  the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3)  the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4)  the defendant shall support his or her dependents and meet other family responsibilities;
5)  the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6)  the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7)  the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8)  the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9)  the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (NCMD Rev. 09/11) Sheet 3c - Supervised Release, Special Conditions                                                                    Page 4 of 6

DEFENDANT:        BRIAN DAVID HILL
CASE NUMBER:      1:13CR435-1

## SPECIAL CONDITIONS OF SUPERVISION

The defendant shall cooperatively participate in an evaluation and a mental health treatment program with emphasis on sex offender treatment, and pay for those treatment services, as directed by the probation officer. Treatment may include physiological testing, such as the polygraph and penile plethysmograph, and the use of prescribed medications.

The defendant shall not possess or use a computer or any other means to access any "on-line computer service" at any location (including employment) without the prior approval of the probation officer. This includes any internet service provider, bulletin board system, or any other public or private computer network.

If granted access to an "on-line computer service," the defendant shall consent to the probation officer conducting periodic unannounced examinations of his computer equipment, which may include hardware, software, and copying all data from his computer. This may include the removal of such equipment, when necessary, for the purpose of conducting a more thorough examination.

The defendant shall consent to third-party disclosure to any employer or potential employer concerning any computer-related restrictions that have been imposed upon him.

The defendant shall provide his personal and business telephone records to the probation officer upon request and consent to the release of certain information from any on-line, telephone, or similar account.

The defendant shall not have any contact, other than incidental contact in a public forum such as ordering in a restaurant, grocery shopping, etc., with any person under the age of 18, except his own children, without prior permission of the probation officer. Any approved contact shall be supervised by an adult at all times. The contact addressed in this condition includes, but is not limited to, direct or indirect, personal, telephonic, written, or through a third party. If the defendant has any contact with any child, that is a person under the age of 18, not otherwise addressed in this condition, the defendant is required to immediately remove himself from the situation and notify the probation office within 24 hours.

The defendant shall not frequent places where children congregate, such as parks, playgrounds, schools, video arcades, daycare centers, swimming pools, or other places primarily used by children under the age of 18, without the prior approval of the probation officer.

The defendant shall not view, purchase, possess, or control any sexually explicit materials, including, but not limited to, pictures, magazines, video tapes, movies, or any material obtained through access to any computer or any material linked to computer access or use.

The defendant shall submit to a search of his person, property, house, residence, vehicle, papers, computer, other electronic communication or data storage devices or media, and effects at any time, with or without a warrant, by any law enforcement officer or probation officer with reasonable suspicion concerning unlawful conduct or a violation of a condition of probation or supervised release.

The defendant shall register with the state sex offender registration agency in any state where he may reside, is employed, carries on a vocation, or is a student.

Joint Appendix pg. 33

AO 245B (NCMD Rev. 09/11) Sheet 5 - Criminal Monetary Penalties

Page 5 of 6

| DEFENDANT: | BRIAN DAVID HILL |
| CASE NUMBER: | 1:13CR435-1 |

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100.00 | $ | $ |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the   ☐ fine   ☐ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B (NCMD Rev. 09/11) Sheet 6 - Schedule of Payments

Page 6 of 6

DEFENDANT:       BRIAN DAVID HILL
CASE NUMBER:     1:13CR435-1

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☒  Lump sum payment of $ 100.00 due immediately, balance due

☐  not later than _____ , or

☐  in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B ☐  Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☐ F below); or

C ☐  Payment in equal _____ *(e.g. weekly, monthly, quarterly)* installments of $ _____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐  Payment in equal _____ *(e.g. weekly, monthly, quarterly)* installments of $ _____ over a period of _____ (e.g. months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐  Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are to be made to the Clerk of Court, United States District Court for the Middle District of North Carolina, 324 West Market Street, Greensboro, NC  27401-2544, unless otherwise directed by the court, the probation officer, or the United States Attorney. Nothing herein shall prohibit the United States Attorney from pursuing collection of outstanding criminal monetary penalties.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names, Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☒  The defendant shall forfeit the defendant's interest in the following property to the United States: to the extent any personal items not related to the offense of this investigation, the United States is authorized to return those items to Mr. Hill at the conclusion of any appeals period.

Payments shall be applied in the following order:  (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN DAVID HILL,                    )
                                     )
        Petitioner,                  )
                                     )
        v.                           )        1:17CV1036
                                     )        1:13CR435-1
UNITED STATES OF AMERICA,            )
                                     )
        Respondent.                  )

## ORDER

The Order and Recommendation of the United States Magistrate Judge was filed with the court in accordance with 28 U.S.C. § 636(b) and, on October 21, 2019, was served on the parties in this action.  (Docs. 210, 211.) Petitioner objected to the Recommendation. (Doc. 213.)[1]

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination, which is in accord with the Magistrate

---

[1] Petitioner has filed a host of other documents and motions with the court.  Among them is a motion to disqualify the undersigned (Doc. 195), to which Petitioner refers in his objections (Doc. 213 at 1). This court previously addressed and rejected that motion.  (Doc. 198.)  It is noteworthy that Petitioner took the same tack as to the judge to whom Petitioner tendered his guilty plea and who sentenced Petitioner, when Petitioner charged him as "biased," having "ranted," and having refused to "accept the defendant's legal innocence." (Doc. 95.)  The case was subsequently referred to the undersigned.  But this court need not recuse itself because of "unsupported, irrational, or highly tenuous speculation" which has become a central component of Petitioner's litigation strategy.  Assa'ad-Faltas v. Carter, No. 1:14-CV-678, 2014 WL 5361342, *2 (M.D.N.C. Oct. 21, 2014) (quoting United States v. DeTemple, 162 F.3d 279, 287 (4th Cir. 1998)).

Judge's report.  The court therefore adopts the Magistrate Judge's Recommendation.

IT IS THEREFORE ORDERED that the Government's motion to dismiss (Doc. 141) be GRANTED, that Petitioner's motion to vacate, set aside or correct sentence (Doc. 125) be DISMISSED, and that this action be DISMISSED.

IT IS FURTHER ORDERED that Petitioner's motion to file under seal (Doc. 140), motion for a psychological/psychiatric evaluation (Doc. 151), motions for the appointment of counsel (Docs. 153 and 169), motion to continue supervised release (Doc. 154), motion to dismiss (Doc. 165), motion for copies (Doc. 168), and request for transcript (Doc. 194) all be DENIED.  A judgment dismissing this action will be entered contemporaneously with this Order.  Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.


                              /s/   Thomas D. Schroeder
                              United States District Judge


December 31, 2019


2

Joint Appendix pg. 37

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

BRIAN DAVID HILL,                )
                                 )
            Petitioner,          )
                                 )        1:17CV1036
            v.                   )        1:13CR435-1
                                 )
UNITED STATES OF AMERICA,        )
                                 )
            Respondent.          )

### JUDGMENT

For the reasons set forth in the Order filed contemporaneously with this Judgment,

IT IS THEREFORE ORDERED AND ADJUDGED that the Government's motion to dismiss (Doc. 141) be GRANTED, that Petitioner's motion to vacate, set aside or correct sentence (Doc. 125) be DISMISSED, and that this action be DISMISSED. Finding neither a substantial issue for appeal concerning the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, a certificate of appealability is not issued.

                          /s/   Thomas D. Schroeder
                          United States District Judge

December 31, 2019

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 15-4057**

———————————

UNITED STATES OF AMERICA,

> Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

> Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle
District of North Carolina, at Greensboro.  William L. Osteen,
Jr., Chief District Judge.  (1:13-cr-00435-WO-1)

———————————

Submitted:  March 30, 2015            Decided:  April 7, 2015

———————————

Before GREGORY and HARRIS, Circuit Judges, and DAVIS, Senior
Circuit Judge.

———————————

Affirmed in part; dismissed in part by unpublished per curiam
opinion.

———————————

Mark A. Jones, BELL, DAVIS & PITT, PA, Winston-Salem, North
Carolina, for Appellant. Anand P. Ramaswamy, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's order denying his motion for an extension of time to appeal his conviction and sentence.  Upon review, we conclude that the district court did not abuse its discretion in denying Hill's motion.  Accordingly, we affirm this portion of the appeal for the reasons stated by the district court.  United States v. Hill, No. 1:13-cr-00435-WO-1 (M.D.N.C. Jan. 16, 2015).

To the extent Hill also seeks to appeal the criminal judgment entered against him, the Government has moved to dismiss that portion of the appeal as untimely.  In criminal cases, the defendant must file the notice of appeal within 14 days after the entry of judgment or the order being appealed. Fed. R. App. P. 4(b)(1)(A).  Upon a showing of excusable neglect or good cause, the district court may grant an extension of no more than 30 additional days to file a notice of appeal.  Fed. R. App. P. 4(b)(4), 26(b).

The district court entered the criminal judgment on November 12, 2014.  Hill filed a notice of appeal on January 29, 2015, well beyond the expiration of the appeal and excusable neglect periods.  We therefore grant the Government's motion to dismiss this portion of the appeal as untimely because Hill

2

failed to file a timely notice of appeal or obtain an extension
of the appeal period.[*]

  We deny Hill's motions to strike and to proceed pro se and
dispense with oral argument because the facts and legal
contentions are adequately presented in the materials before
this court and argument would not aid the decisional process.

<div align="right">

AFFIRMED IN PART;
DISMISSED IN PART

</div>

---

  [*] Even if we construe the January 12, 2015 motion for an
extension of time as a notice of appeal from the criminal
judgment, the appeal still is untimely as to the criminal
judgment.

3

FILED: April 7, 2015

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

————————

No. 15-4057
(1:13-cr-00435-WO-1)

————————

UNITED STATES OF AMERICA

     Plaintiff - Appellee

v.

BRIAN DAVID HILL

     Defendant - Appellant

————————

J U D G M E N T

————————

In accordance with the decision of this court, the judgment of the district

court is affirmed in part. The appeal is dismissed in part.

This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 17-1866**

_____

BRIAN DAVID HILL,

　　　　　　Plaintiff - Appellant,

　　v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, EOUSA; UNITED STATES DEPARTMENT OF JUSTICE, U.S. DOJ,

　　　　　　Defendants - Appellees.

_____

Appeal from the United States District Court for the Western District of Virginia, at Danville. Jackson L. Kiser, Senior District Judge. (4:17-cv-00027-JLK-RSB)

_____

Submitted: October 17, 2017　　　　　　　　　　Decided: October 19, 2017

_____

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

_____

Dismissed by unpublished per curiam opinion.

_____

Brian David Hill, Appellant Pro Se. Cheryl Thornton Sloan, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill seeks to appeal the magistrate judge's order denying his discovery-related motions and granting Defendants' motion to quash discovery in his pending Freedom of Information Act action. This court may exercise jurisdiction only over final orders, 28 U.S.C. § 1291 (2012), and certain interlocutory and collateral orders, 28 U.S.C. § 1292 (2012); Fed. R. Civ. P. 54(b); *Cohen v. Beneficial Indus. Loan Corp.*, 337 U.S. 541, 545-46 (1949). The order Hill seeks to appeal is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss the appeal for lack of jurisdiction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*

2

Joint Appendix pg. 44

FILED: October 19, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 17-1866
(4:17-cv-00027-JLK-RSB)

_____

BRIAN DAVID HILL

        Plaintiff - Appellant

v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, EOUSA;
UNITED STATES DEPARTMENT OF JUSTICE, U.S. DOJ

        Defendants - Appellees

_____

J U D G M E N T

_____

    In accordance with the decision of this court, this appeal is dismissed.

    This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

                    /s/ PATRICIA S. CONNOR, CLERK

Joint Appendix pg. 45

FILED: October 19, 2017

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 17-1866,    Brian Hill v. EOUSA
4:17-cv-00027-JLK-RSB

———————————

NOTICE OF JUDGMENT

———————————

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

## U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
### (Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. . (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|
| **Document** | **No. of Pages** | | **No. of Copies** | | **Page Cost (≤$.15)** | **Total Cost** |
| | **Requested** | **Allowed** | **Requested** | **Allowed** | | **Requested** | **Allowed** |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

**Signature:** _____    **Date:** _____

### Certificate of Service

I certify that on this date I served this document as follows:

**Signature:** _____    **Date:** _____

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 18-1160**

———————

BRIAN DAVID HILL,

Plaintiff - Appellant,

v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, EOUSA;
UNITED STATES DEPARTMENT OF JUSTICE, U.S. DOJ,

Defendants - Appellees.

———————

Appeal from the United States District Court for the Western District of Virginia, at
Danville. Jackson L. Kiser, Senior District Judge. (4:17-cv-00027-JLK-RSB)

———————

Submitted: June 26, 2018                                    Decided: July 24, 2018

———————

Before FLOYD and HARRIS, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Affirmed by unpublished per curiam opinion.

———————

Brian David Hill, Appellant Pro Se.  Cheryl Thornton Sloan, Assistant United States
Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North
Carolina, for Appellees.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's order granting summary judgment to Defendants in Hill's action seeking relief under the Freedom of Information Act, 5 U.S.C. § 552 (2012).   We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court.  *Hill v. Exec. Office for U.S. Attorneys*, No. 4:17-cv-00027-JLK-RSB (W.D. Va. Feb. 6, 2018).   We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2

Joint Appendix pg. 50

FILED: July 24, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-1160,    Brian Hill v. EOUSA
4:17-cv-00027-JLK-RSB

———————————————

NOTICE OF JUDGMENT

———————————————

Judgment was entered on this date in accordance with Fed. R. App. P. 36. Please be advised of the following time periods:

**PETITION FOR WRIT OF CERTIORARI:** To be timely, a petition for certiorari must be filed in the United States Supreme Court within 90 days of this court's entry of judgment. The time does not run from issuance of the mandate. If a petition for panel or en banc rehearing is timely filed, the time runs from denial of that petition. Review on writ of certiorari is not a matter of right, but of judicial discretion, and will be granted only for compelling reasons. (www.supremecourt.gov)

**VOUCHERS FOR PAYMENT OF APPOINTED OR ASSIGNED COUNSEL:** Vouchers must be submitted within 60 days of entry of judgment or denial of rehearing, whichever is later. If counsel files a petition for certiorari, the 60-day period runs from filing the certiorari petition. (Loc. R. 46(d)). If payment is being made from CJA funds, counsel should submit the CJA 20 or CJA 30 Voucher through the CJA eVoucher system. In cases not covered by the Criminal Justice Act, counsel should submit the Assigned Counsel Voucher to the clerk's office for payment from the Attorney Admission Fund. An Assigned Counsel Voucher will be sent to counsel shortly after entry of judgment. Forms and instructions are also available on the court's web site, www.ca4.uscourts.gov, or from the clerk's office.

**BILL OF COSTS:** A party to whom costs are allowable, who desires taxation of costs, shall file a Bill of Costs within 14 calendar days of entry of judgment. (FRAP 39, Loc. R. 39(b)).

**PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC:** A petition for rehearing must be filed within 14 calendar days after entry of judgment, except that in civil cases in which the United States or its officer or agency is a party, the petition must be filed within 45 days after entry of judgment. A petition for rehearing en banc must be filed within the same time limits and in the same document as the petition for rehearing and must be clearly identified in the title. The only grounds for an extension of time to file a petition for rehearing are the death or serious illness of counsel or a family member (or of a party or family member in pro se cases) or an extraordinary circumstance wholly beyond the control of counsel or a party proceeding without counsel.

Each case number to which the petition applies must be listed on the petition and included in the docket entry to identify the cases to which the petition applies. A timely filed petition for rehearing or petition for rehearing en banc stays the mandate and tolls the running of time for filing a petition for writ of certiorari. In consolidated criminal appeals, the filing of a petition for rehearing does not stay the mandate as to co-defendants not joining in the petition for rehearing. In consolidated civil appeals arising from the same civil action, the court's mandate will issue at the same time in all appeals.

A petition for rehearing must contain an introduction stating that, in counsel's judgment, one or more of the following situations exist: (1) a material factual or legal matter was overlooked; (2) a change in the law occurred after submission of the case and was overlooked; (3) the opinion conflicts with a decision of the U.S. Supreme Court, this court, or another court of appeals, and the conflict was not addressed; or (4) the case involves one or more questions of exceptional importance. A petition for rehearing, with or without a petition for rehearing en banc, may not exceed 3900 words if prepared by computer and may not exceed 15 pages if handwritten or prepared on a typewriter. Copies are not required unless requested by the court. (FRAP 35 & 40, Loc. R. 40(c)).

**MANDATE:** In original proceedings before this court, there is no mandate. Unless the court shortens or extends the time, in all other cases, the mandate issues 7 days after the expiration of the time for filing a petition for rehearing. A timely petition for rehearing, petition for rehearing en banc, or motion to stay the mandate will stay issuance of the mandate. If the petition or motion is denied, the mandate will issue 7 days later. A motion to stay the mandate will ordinarily be denied, unless the motion presents a substantial question or otherwise sets forth good or probable cause for a stay. (FRAP 41, Loc. R. 41).

## U.S. COURT OF APPEAL FOR THE FOURTH CIRCUIT BILL OF COSTS FORM
### (Civil Cases)

**Directions:** Under FRAP 39(a), the costs of appeal in a civil action are generally taxed against appellant if a judgment is affirmed or the appeal is dismissed. Costs are generally taxed against appellee if a judgment is reversed. If a judgment is affirmed in part, reversed in part, modified, or vacated, costs are taxed as the court orders. A party who wants costs taxed must, within 14 days after entry of judgment, file an itemized and verified bill of costs, as follows:
• Itemize any fee paid for docketing the appeal. The fee for docketing a case in the court of appeals is $500 (effective 12/1/2013). The $5 fee for filing a notice of appeal is recoverable as a cost in the district court.
• Itemize the costs (not to exceed $.15 per page) for copying the necessary number of formal briefs and appendices. . (Effective 10/1/2015, the court requires 1 copy when filed; 3 more copies when tentatively calendared; 0 copies for service unless brief/appendix is sealed.). The court bases the cost award on the page count of the electronic brief/appendix. Costs for briefs filed under an informal briefing order are not recoverable.
• Cite the statutory authority for an award of costs if costs are sought for or against the United States. See 28 U.S.C. § 2412 (limiting costs to civil actions); 28 U.S.C. § 1915(f)(1) (prohibiting award of costs against the United States in cases proceeding without prepayment of fees).
Any objections to the bill of costs must be filed within 14 days of service of the bill of costs. Costs are paid directly to the prevailing party or counsel, not to the clerk's office.

Case Number & Caption: _____

Prevailing Party Requesting Taxation of Costs: _____

| Appellate Docketing Fee (prevailing appellants): | | | Amount Requested: _____ | | | Amount Allowed: _____ | |
|---|---|---|---|---|---|---|---|
| Document | No. of Pages | | No. of Copies | | Page Cost (≤$.15) | Total Cost | |
| | Requested | Allowed (court use only) | Requested | Allowed (court use only) | | Requested | Allowed (court use only) |
| | | | | | | | |
| | | | | | | | |
| | | | | | | | |
| **TOTAL BILL OF COSTS:** | | | | | | $0.00 | $0.00 |

1. If copying was done commercially, I have attached itemized bills. If copying was done in-house, I certify that my standard billing amount is not less than $.15 per copy or, if less, I have reduced the amount charged to the lesser rate.
2. If costs are sought for or against the United States, I further certify that 28 U.S.C. § 2412 permits an award of costs.
3. I declare under penalty of perjury that these costs are true and correct and were necessarily incurred in this action.

Signature: _____     Date: _____

### Certificate of Service

I certify that on this date I served this document as follows:

Signature: _____     Date: _____

FILED: July 24, 2018

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 18-1160
(4:17-cv-00027-JLK-RSB)

———————————

BRIAN DAVID HILL

      Plaintiff - Appellant

v.

EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS, EOUSA;
UNITED STATES DEPARTMENT OF JUSTICE, U.S. DOJ

      Defendants - Appellees

———————————

J U D G M E N T

———————————

    In accordance with the decision of this court, the judgment of the district

court is affirmed.

    This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

                     /s/ PATRICIA S. CONNOR, CLERK

FILED: October 17, 2019

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 19-2077
(1:13-cr-00435-TDS-1)

In re: BRIAN DAVID HILL

Petitioner

O R D E R

Upon consideration of the motion to voluntarily dismiss this case pursuant to

Rule 42(b) of the Federal Rules of Appellate Procedure, the court grants the motion.

For the Court--By Direction

/s/ Patricia S. Connor, Clerk

FILED: November 20, 2019

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

———————————

No. 19-4758
(1:13-cr-00435-TDS-1)

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

———————————

O R D E R

———————————

Upon consideration of submissions relative to appellant's emergency motion

for stay of imprisonment pending appeal, the court denies the motion.

Entered at the direction of Judge Harris with the concurrences of Judge Diaz

and Judge Rushing.

For the Court

/s/ Patricia S. Connor, Clerk

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 19-4758**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

_____

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1)

_____

Submitted:  July 21, 2020                                        Decided:  October 16, 2020

_____

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

E. Ryan Kennedy, ROBINSON & MCELWEE, PLLC, Clarksburg, West Virginia, for Appellant.    Matthew G.T. Martin, United States Attorney, Anand P. Ramaswamy, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's judgment revoking his supervised release and imposing a sentence of nine months in prison, followed by an additional nine years of supervised release. On appeal, Hill argues that the district court erred by conducting the revocation hearing without a jury and failing to apply a beyond a reasonable doubt standard of proof, erred in finding that Hill violated a condition of his supervised release, and abused its discretion in denying Hill's motion to continue the revocation hearing. We affirm.

Hill first asserts that proof beyond a reasonable doubt, not preponderance of the evidence, is the appropriate standard for revoking supervised release and further claims that a jury must make the relevant factual findings. However, we have previously determined "that the conditional liberty to which those under supervised release are subject entails the surrender of certain constitutional rights, including any right to have the alleged supervised release violation proved to a jury beyond a reasonable doubt." *United States v. Ward*, 770 F.3d 1090, 1099 (4th Cir. 2014); *see Johnson v. United States*, 529 U.S. 694, 700 (2000) (holding that supervised release violation "need only be found by a judge under a preponderance of the evidence standard, not by a jury beyond a reasonable doubt"). Although Hill argues that the Supreme Court's holding in *United States v. Haymond*, 139 S. Ct. 2369 (2019) (striking down 18 U.S.C. § 3583(k) (2018)) should be extended to all supervised release proceedings, we conclude that *Haymond* had no impact on Hill's revocation sentence imposed under 18 U.S.C. § 3583(e)(3) (2018). Accordingly, because *Ward* remains good law, its holding forecloses Hill's argument.

2

Hill next argues that the district court erred in finding that Hill violated the conditions of his supervised release. We review the district court's revocation decision for abuse of discretion and its factual findings for clear error. *United States v. Dennison*, 925 F.3d 185, 190 (4th Cir. 2019). Hill challenges the district court's finding that he committed a state offense by violating Virginia's indecent exposure statute and argues that his conduct was neither intentional nor obscene, as required to violate Va. Code Ann. § 18.2-387 (2018).

We have reviewed the record and find no merit to Hill's contentions. To satisfy its burden of proof at the revocation proceeding, the Government presented evidence that, while serving his supervised release term, Hill intentionally made an obscene exposure of his person in a public place. Hill was arrested after exposing himself and taking naked photographs of himself late at night in various areas of the commercial district of Martinsville. The district court credited the testimony and evidence presented by the Government and rejected the alternative explanations that Hill offered to excuse his conduct. *See United States v. Layton*, 564 F.3d 330, 334 (4th Cir. 2009) ("The district court's credibility determinations receive great deference." (internal quotation marks omitted)). Further, the Government sufficiently demonstrated that Hill's conduct was obscene. *See* Va. Code Ann. § 18.2-372; *Price v. Commonwealth*, 201 S.E. 2d 798, 800 (Va. 1974). Accordingly, the district court did not abuse its discretion in revoking Hill's supervised release when it determined that the Government established, by a preponderance of the evidence, that Hill intentionally violated the Virginia statute and that his conduct was obscene.

3

USCA4 Appeal: 20-7737    Doc: 12    Filed: 10/12/2021    Pg: 108 of 132
USCA4 Appeal: 19-4758    Doc: 33     Filed: 10/16/2020    Pg: 4 of 5
Joint Appendix pg. 59

Finally, Hill asserts that the district court abused its discretion in denying his motion for a continuance made on the day of the revocation hearing. Hill sought to delay the revocation hearing until his appeal on the Virginia indecent exposure conviction was complete. "We review the denial of a motion for a continuance for abuse of discretion." *United States v. Copeland*, 707 F.3d 522, 531 (4th Cir. 2013). "'[B]road discretion must be granted trial courts on matters of continuances; only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel.'" *United States v. Williams*, 445 F.3d 724, 738-39 (4th Cir. 2006) (quoting *Morris v. Slappy*, 461 U.S. 1, 11-12 (1983)). Even where this broad discretion has been abused, "the defendant must show that the error specifically prejudiced his case in order to prevail" on appeal. *Copeland*, 707 F.3d at 531 (brackets and internal quotation marks omitted).

The district court was not required to grant Hill's motion for a continuance pending the conclusion of his appeal of his indecent exposure conviction in Virginia circuit court. *See United States v. Spraglin*, 418 F.3d 479, 480–81 (5th Cir. 2005) (rejecting appellant's argument that district court abused its discretion in revoking his supervised release based on evidence of his state murder conviction, which was still pending on appeal when supervised release was revoked); *United States v. Fleming*, 9 F.3d 1253, 1254 (7th Cir. 1993) ("The conviction itself, whether or not an appeal is taken, provides adequate proof of the violation of state law to justify revoking probation."). Further, Hill has not established that he was prejudiced by the denial of the motion. We therefore conclude that the district court did not abuse its discretion in denying Hill's motion.

4

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

5

FILED: October 16, 2020

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

No. 19-4758
(1:13-cr-00435-TDS-1)

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

_____

## J U D G M E N T

_____

In accordance with the decision of this court, the judgment of the district

court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-7483**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1)

---

Submitted:  March 12, 2020                    Decided:  March 17, 2020

---

Before KING, KEENAN, and FLOYD, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Brian David Hill, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's order denying his pro se motion to stay

the judgment pending appeal and his pro se motion for recusal related to revocation of

supervised release proceedings. We have reviewed the record and find no reversible error.

Accordingly, we affirm for the reasons stated by the district court. *United States v. Hill*,

No. 1:13-cr-00435-TDS-1 (M.D.N.C. Oct. 4, 2019). We dispense with oral argument

because the facts and legal contentions are adequately presented in the materials before this

court and argument would not aid the decisional process.

*AFFIRMED*

2

FILED: March 17, 2020

## UNITED STATES COURT OF APPEALS
### FOR THE FOURTH CIRCUIT

_____

No. 19-7483
(1:13-cr-00435-TDS-1)

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

_____

J U D G M E N T

_____

In accordance with the decision of this court, the judgment of the district

court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-2338**

———————————

In re:  BRIAN DAVID HILL,

               Petitioner.

———————————

On Petition for Writ of Mandamus.  (1:13-cr-00435-TDS-1)

———————————

Submitted:  December 30, 2019                    Decided:  February 10, 2020

———————————

Before DIAZ, HARRIS, and RUSHING, Circuit Judges.

———————————

Petition denied by unpublished per curiam opinion.

———————————

Brian David Hill, Petitioner Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill petitions for writs of mandamus and prohibition seeking an order directing the district court to vacate its judgment revoking Hill's supervised release and vacate various postjudgment orders. He has also filed two motions for a stay of the district court's judgment pending the disposition of the petitions. We conclude that Hill is not entitled to relief.

Mandamus relief is a drastic remedy and should be used only in extraordinary circumstances. *Kerr v. U.S. Dist. Court,* 426 U.S. 394, 402 (1976); *United States v. Moussaoui,* 333 F.3d 509, 516-17 (4th Cir. 2003). Further, mandamus relief is available only when the petitioner has a clear right to the relief sought. *In re Braxton,* 258 F.3d 250, 261 (4th Cir. 2001). Mandamus may not be used as a substitute for appeal. *In re Lockheed Martin Corp.,* 503 F.3d 351, 353 (4th Cir. 2007).

Similarly, a writ of prohibition "is a drastic and extraordinary remedy which should be granted only when the petitioner has shown his right to the writ to be clear and undisputable and that the actions of the court were a clear abuse of discretion." *In re Vargas,* 723 F.2d 1461, 1468 (10th Cir. 1983). A writ of prohibition also may not be used as a substitute for appeal. *Id.*

Hill can seek the requested relief in an appeal of the district court's judgment, and indeed, such an appeal is currently pending before this court. *See United States v. Hill,* No. 19-4758.[*] Accordingly, we deny the petition for writs of mandamus and prohibition and

_____

[*] We express no opinion about the merits of this appeal.

2

Hill's motions for a stay of the district court's judgment pending adjudication of these petitions. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*

3

FILED: February 10, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 19-2338
(1:13-cr-00435-TDS-1)

_____

In re: BRIAN DAVID HILL

Petitioner

_____

J U D G M E N T

_____

In accordance with the decision of this court, the petitions for writ of

mandamus and prohibition are denied.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 19-7755**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

---

**No. 20-6034**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

---

Appeals from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1, 1:17-cv-01036-TDS-JLW)

---

Submitted: December 1, 2020                    Decided: December 18, 2020

Before GREGORY, Chief Judge, and DIAZ and HARRIS, Circuit Judges.

Dismissed by unpublished per curiam opinion.

Brian David Hill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Brian David Hill seeks to appeal the district court's order accepting the recommendation of the magistrate judge and dismissing as untimely Hill's 28 U.S.C. § 2255 motion. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014) (en banc) (explaining that § 2255 motions are subject to one-year statute of limitations, running from latest of four commencement dates enumerated in 28 U.S.C. § 2255(f)). The order is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the district court denies relief on procedural grounds, the movant must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). We have independently reviewed the record and conclude that Hill has not made the requisite showing.

Hill also argues that the district court judge should have recused himself. We review a judge's recusal decision for abuse of discretion. *United States v. Stone*, 866 F.3d 219, 229 (4th Cir. 2017). Hill fails to establish that recusal was required. *See Belue v. Leventhal*, 640 F.3d 567, 572-74 (4th Cir. 2011) (discussing valid bases for bias or partiality motion); *United States v. Lentz*, 524 F.3d 501, 530 (4th Cir. 2008) ("The presiding judge is not . . . required to recuse himself simply because of unsupported, irrational or highly tenuous speculation." (internal quotation marks omitted)).

3

Accordingly, we deny a certificate of appealability and dismiss the consolidated

appeals.  We dispense with oral argument because the facts and legal contentions are

adequately presented in the materials before this court and argument would not aid the

decisional process.

*DISMISSED*

4

FILED: December 18, 2020

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

No. 19-7755 (L)
(1:13-cr-00435-TDS-1)
(1:17-cv-01036-TDS-JLW)

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

———————————

No. 20-6034
(1:13-cr-00435-TDS-1)
(1:17-cv-01036-TDS-JLW)

———————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

## JUDGMENT

In accordance with the decision of this court, a certificate of appealability is denied and these appeals are dismissed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————————

**No. 19-7756**

———————————

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

———————————

Appeal from the United States District Court for the Middle District of North Carolina, at
Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1)

———————————

Submitted:  March 12, 2020                    Decided:  March 17, 2020

———————————

Before KING, KEENAN, and FLOYD, Circuit Judges.

———————————

Affirmed by unpublished per curiam opinion.

———————————

Brian David Hill, Appellant Pro Se.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's order denying his pro se motion to correct or modify the record from his September 12, 2019 hearing on revocation of his supervised release. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Hill,* No. 1:13-cr-00435-TDS-1 (M.D.N.C. Nov. 21, 2019). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2

FILED: March 17, 2020

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

_____

No. 19-7756
(1:13-cr-00435-TDS-1)

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BRIAN DAVID HILL

Defendant - Appellant

_____

J U D G M E N T

_____

In accordance with the decision of this court, the judgment of the district

court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in

accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 20-7737

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRIAN DAVID HILL,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, Chief District Judge.  (1:13-cr-00435-TDS-1)

Submitted: April 22, 2021                    Decided:  April 27, 2021

Before GREGORY, Chief Judge, AGEE, Circuit Judge, and TRAXLER, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Brian David Hill, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brian David Hill appeals the district court's order denying multiple pro se motions seeking sanctions against the Government, to vacate his criminal judgment and revocation judgment, and to grant his 28 U.S.C. § 2255 motion. We have reviewed the record and find no reversible error. Accordingly, we affirm for the reasons stated by the district court. *United States v. Hill*, No. 1:13-cr-00435-TDS-1 (M.D.N.C. Nov. 17, 2020). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

USCA4 Appeal: 20-7737    Doc: 12    Filed: 10/12/2021    Pg: 129 of 132
USCA4 Appeal: 20-7737    Doc: 7-1    Filed: 04/27/2021    Pg: 1 of 1
Joint Appendix pg. 80

FILED: April 27, 2021

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 20-7737
(1:13-cr-00435-TDS-1)

UNITED STATES OF AMERICA

         Plaintiff - Appellee

v.

BRIAN DAVID HILL

         Defendant - Appellant

## J U D G M E N T

In accordance with the decision of this court, the judgment of the district court is affirmed.

This judgment shall take effect upon issuance of this court's mandate in accordance with Fed. R. App. P. 41.

/s/ PATRICIA S. CONNOR, CLERK

No. _____

_____

IN THE

SUPREME COURT OF THE UNITED STATES

_____

In re: Brian David Hill _____ — PETITIONER
(Your Name)

VS.     (Mandamus/Prohibition Petition/Writ)

_____ — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition for a writ of certiorari without prepayment of costs and to proceed *in forma pauperis.*

Please check the appropriate boxes:

☒ Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):
United States District Court - Middle District of North Carolina case no.

1 :13-cr-435-1

☐ Petitioner has **not** previously been granted leave to proceed *in forma pauperis* in any other court.

☒ Petitioner's affidavit or declaration in support of this motion is attached hereto.

☐ Petitioner's affidavit or declaration is **not** attached because the court below appointed counsel in the current proceeding, and:

☐ The appointment was made under the following provision of law: _____
_____, or

☐ a copy of the order of appointment is appended.

Brian D. Hill
Signed
**Brian D. Hill**
(Signature)

Research Jeffrey Epstein,
Ghislaine Maxwell, Lin Wood
on officials/Judges blackmailed

**U.S.W.G.O.**

Brian D. Hill - Ally of Qanon
310 Forest Street, Apartment 2
Martinsville, Virginia 24112
**WWG1WGA** - Q-Intel Drain the
Swamp MAGA - INVESTIGATE!
JusticeForUSWGO.wordpress.com

From:

BRIAN HIL
310 FORE
APARTME
MARTINSV

US POSTAGE AND FEES PAID
2021-10-09
24112
C1453321
Commercial
12.0 OZ ZONE 2

easypost.
easypost.com/signup
0901000003132

USPS FIRST-CLASS PKG

0000

STREET
2
LE VA 24112-4210

INSPECTED
OCT 12 2021
C003

COURT OF APPEALS FOR THE FOURTH
CUIT
. PATRICIA S. CONNER CLERK OF THE
RT
E MAIN ST STE 501
MOND VA 23219-3538

OrangeMailer.co
Printed by Orange Mailer

USPS CERTIFIED MAIL™

9414 8368 9523 2448 4088 80

UNITED STATES POSTAL SERVICE®

RTIFIED MAIL®

OR USE ONLY WITH IMpb SHIPPING LABEL

N, January 2014

PSN 7690-17-000-0906